GIBSON, DUNN & CRUTCHER LLP
MATTHEW S. KAHN, SBN 261679
  mkahn@gibsondunn.com
PETER C. SQUERI, SBN 286249
  psqueri@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:    415.393.8306

PERLETTE MICHÈLE JURA, SBN 242332
  pjura@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
  tloose@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:    213.229.7520

Attorneys for Defendant YAHOO! INC.,
d/b/a RIVALS.COM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW WAHL, an individual, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YAHOO! INC., a Delaware corporation dba RIVALS.COM; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT YAHOO! INC.**<br><br>[Removal from the Superior Court of the State of California, County of Santa Clara, Case No. 17CV308083]<br><br>Action Filed:   March 31, 2017 |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF ANDREW WAHL AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. §§ 1331, 1332, 1367, and 1711, Defendant Yahoo! Inc., d/b/a Rivals.com ("Yahoo" or "Defendant"), hereby removes this action—with reservation of all defenses and rights—from the Superior Court of the State of California for the County of Santa Clara, Case No. 17CV308083, to the United States District Court for the Northern District of California, San Jose Division.  Removal is proper on the following grounds:

## I. TIMELINESS OF REMOVAL

1. Plaintiff Andrew Wahl ("Plaintiff") filed a Class Action Complaint ("Complaint") against Defendant in the Superior Court for Santa Clara County, California, Case Number 17CV308083, on March 31, 2017.  Pursuant to 28 U.S.C § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendant as of the date of this filing are attached as Exhibits A–C to the Declaration of Timothy Loose ("Loose Decl.") filed concurrently herewith.

2. Plaintiff served Defendant with a Summons and Complaint on April 14, 2017.  *See* Loose Decl. Ex. A.  This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

## II. SUMMARY OF ALLEGATIONS AND GROUND FOR REMOVAL

3. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Defendant pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C. § 1332(d)(8).  This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Code of Civil Procedure § 382, authorizing an action to be brought by one or more representative persons as a class action.  *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. ¶¶ 1, 9.

5. Plaintiff alleges in the Complaint that he "brings this class action on behalf of himself and a class of others similarly situated consisting of all persons who, within the applicable statute of

Gibson, Dunn & Crutcher LLP

1
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT YAHOO! INC.

limitations period, purchased subscriptions from Defendant Yahoo! Inc. dba Rivals.com . . . and whose credit cards, debit cards, or bank accounts were charged on a recurring basis by Defendant, as part of an automatic renewal plan or continuous service offer." Compl. ¶ 1.

6. The Complaint alleges a single cause of action for violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq.*, based on the alleged violation of two predicate statutes: (1) California's Automatic Renewal Law (Bus. & Prof. Code §§ 17600-17606), and (2) California's Liquidated Damages Law (Cal. Civ. Code § 1671). Compl. ¶¶ 36–54.

7. Plaintiff seeks "damages, restitution, injunctive and/or other equitable relief, and reasonable attorneys' fees" arising from his claim. Compl. ¶¶ 1, 4; *id.* at 11–12.

8. Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

9. Defendant denies any liability as to Plaintiff's individual claims and as to the claims of the putative class members. However, for purposes of meeting the jurisdictional requirements for removal *only*, Defendant submits that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the allegations in the Complaint identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million in the aggregate for the entire class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).

**A. The Proposed Class Consists Of More Than 100 Members**

10. Plaintiff alleges in the Complaint that he "brings this class action on behalf of himself and a class of others similarly situated consisting of all persons who, within the applicable statute of limitations period, purchased subscriptions from Defendant Yahoo! Inc. dba Rivals.com ('Yahoo' or 'Rivals' or 'Defendant') and whose credit cards, debit cards, or bank accounts were charged on a recurring basis by Defendant, as part of an automatic renewal plan or continuous service offer."

Gibson, Dunn & Crutcher LLP

2
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT YAHOO! INC.

Compl. ¶ 1. Plaintiff further alleges that he "is informed and believes that Rivals has sold over 2.4 million subscriptions." *Id.* ¶ 12. Accordingly, while Defendant denies that class treatment is permissible or appropriate, based on the Complaint's allegations the proposed class plainly consists of more than 100 members.

### B. Defendant And Plaintiff Are Not Citizens Of The Same State

11. The minimum diversity of citizenship criteria under CAFA requires that the plaintiff or any member of the putative class is a citizen of a state that is different from that of any defendant. 28 U.S.C. § 1332(d)(2)(A).

12. Plaintiff alleges that he "is a resident of St. Louis, Missouri." Compl. ¶ 5.

13. Plaintiff alleges that "Defendant Yahoo is a corporation organized under the laws of the State of Delaware with its principal place of business in Sunnyvale, California." Compl. ¶ 6. Accordingly, Defendant is and has been at all relevant times citizens of the states of Delaware and California, but not of Missouri, the state of Plaintiff's citizenship. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

14. Because the proposed class representative is a citizen of a state different from that of Defendant, the minimum diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount Placed In Controversy By The Class Claims Exceeds $5 Million

15. Although Defendant denies that Plaintiff's claims have any merit, Defendant avers, for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiff's requested monetary recovery exceeds $5 million.

#### 1. Plaintiff's Class Allegations Seeking Recovery Under The UCL Surpass The Jurisdictional Threshold Amount

16. Defendant denies that Plaintiff or putative class members are entitled to any relief. However, for purposes of this jurisdictional analysis only, Defendant relies on Plaintiff's allegations. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint.").

Gibson, Dunn & Crutcher LLP

3
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT YAHOO! INC.

17. Plaintiff alleges that "Rivals . . . sells monthly and annual subscriptions that provide access to 'premium' content and message boards." Compl. ¶ 12.

18. Plaintiff alleges that "[t]o purchase a subscription, the user is required to create an account by providing an email address and designating a username and password," and then "selects either an annual subscription for $99.95 per year or a monthly subscription for $9.95 per month." Compl. ¶ 13.

19. Plaintiff alleges that he personally purchased three one-year subscriptions—in February 2015, February 2016, and February 2017—at a cost of $99.95 each. Compl. ¶¶ 20–24.

20. As mentioned above, Plaintiff alleges that he "is informed and believes that Rivals has sold over 2.4 million subscriptions." Compl. ¶ 12.

21. Thus, even if the Court were to assume for the purposes of this jurisdictional analysis only that *all* of the alleged 2.4 million users purchased *just one* monthly subscription at a cost of $9.95, the amount in controversy would total $23,880,000—i.e., $9.95 multiplied by 2.4 million.

### 2. Plaintiff's Request For Attorneys' Fees Places Additional Money In Controversy

22. Plaintiff seeks "attorneys' fees and costs" "associated with this action." Compl. ¶¶ 1, 4; *id.* at 12.

23. Under Ninth Circuit precedent, the benchmark commonly used for the award of attorneys' fees is 25% of the common fund. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012).

24. Defendant denies that any such attorneys' fees are owed to Plaintiff or the putative class, and reserves the right to contest the application of the 25% benchmark in this case. However, for purposes of this jurisdictional analysis *only*, Defendant relies on Plaintiff's allegations that the attorneys' fees are owed. Applying the 25% benchmark to the figures alleged in the Complaint (*see supra*), Plaintiff's request for attorneys' fees places an additional $5,970,000 in controversy.

25. For the foregoing reasons, this action meets the jurisdictional minimum amount in controversy, and removal to this Court is proper under CAFA.

Gibson, Dunn & Crutcher LLP

4
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT YAHOO! INC.

26.     Furthermore, because Defendant has shown there is federal jurisdiction over this action, Plaintiff bears the burden of proof with regard to any argument that an exception to CAFA removal applies and justifies remand. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). Defendant submits that no such exception applies and expressly reserves the right to contest and further brief the applicability of any exception that Plaintiff may raise in a motion for remand.

### III.  THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

27.     Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

(a) This is a civil action that is a class action within the meaning of 28 U.S.C. § 1332(d)(1)(B);

(b) This action involves a putative class of more than 100 persons as required by 28 U.S.C. § 1332(d)(5)(B);

(c) The amount in controversy exceeds $5 million, exclusive of interest and costs, as required under 28 U.S.C. § 1332(d)(2); and

(d) Plaintiff is a citizen of a state that is different from that of any Defendant, as required by 28 U.S.C. § 1332(d)(2)(A).

Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

28.     The United States District Court for the Northern District of California, San Jose Division, is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiff originally filed this case, in Santa Clara County Superior Court. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

29.     In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendant are attached as Exhibits A–C to the Declaration of Timothy Loose filed concurrently herewith.

30.     Upon filing this Notice of Removal, Defendant will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of Santa Clara County pursuant to 28 U.S.C. § 1446(d).

Gibson, Dunn & Crutcher LLP

5
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT YAHOO! INC.

31. WHEREFORE, Defendant removes to this Court the above action pending against it in the Superior Court of California, County of Santa Clara.

Respectfully submitted,

Dated: May 12, 2017            GIBSON, DUNN & CRUTCHER LLP

                               By:    */s/ Timothy W. Loose*
                                         Timothy W. Loose

                               Attorneys for Defendant YAHOO! INC., d/b/a RIVALS.COM

Gibson, Dunn & Crutcher LLP

6
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT YAHOO! INC.