GIBSON, DUNN & CRUTCHER LLP
MATTHEW S. KAHN, SBN 261679
  mkahn@gibsondunn.com
PETER C. SQUERI, SBN 286249
  psqueri@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

PERLETTE MICHÈLE JURA, SBN 242332
  pjura@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
  tloose@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

Attorneys for Defendant YAHOO! INC.,
d/b/a RIVALS.COM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW WAHL, an individual, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>YAHOO! INC., a Delaware corporation dba RIVALS.COM; and DOES 1 through 10, inclusive,<br><br>          Defendants. | CASE NO.<br><br>**DECLARATION OF TIMOTHY W. LOOSE IN SUPPORT OF NOTICE OF REMOVAL**<br><br><br>Action Filed:    March 31, 2017 |

# DECLARATION OF TIMOTHY W. LOOSE

I, Timothy W. Loose, declare as follows:

1.      I am an attorney admitted to practice law before all courts of the State of California and in the United States District Court for the Northern District of California.  I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, and I am one of the attorneys primarily responsible for the representation of Defendant Yahoo! Inc., d/b/a Rivals.com, in this matter.  Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Service of Process Transmittal, Summons, Class Action Complaint, Civil Case Cover Sheet, and related documents in *Wahl v. Yahoo! Inc.*, Case No. 17CV308083, in the Superior Court of California, County of Santa Clara.

3.      Attached hereto as **Exhibit B** is a true and correct copy of the Order Deeming Case Complex and Staying Discovery in *Wahl v. Yahoo! Inc.*, Case No. 17CV308083, in the Superior Court of California, County of Santa Clara, filed on April 5, 2017.

4.      Attached hereto as **Exhibit C** is a true and correct copy of the Order Granting Application for Admission of Attorney *Pro Hac Vice* for Joseph A. Kronawitter in *Wahl v. Yahoo! Inc.*, Case No. 17CV308083, in the Superior Court of California, County of Santa Clara, filed on May 2, 2017.

5.      In accordance with 28 U.S.C. § 1446(a), Exhibits A through C include "all process, pleadings and orders served upon" the Defendant in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 12th day of May, 2017, in Los Angeles, California.



_____
Timothy W. Loose

Gibson, Dunn & Crutcher LLP

# Exhibit A

 **CT Corporation**

**Service of Process Transmittal**
04/14/2017
CT Log Number 531056959

TO:     Karen Murakami
        Yahoo! Inc.
        701 First Ave
        Sunnyvale, CA 94089

RE:     **Process Served in California**

FOR:    Yahoo! Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ANDREW WAHL, an individual, on behalf of himself and all others similarly situated, Pltf. vs. YAHOO! INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Attachment |
| **COURT/AGENCY:** | Santa Clara County - Superior Court, CA<br>Case # 17CV308083 |
| **NATURE OF ACTION:** | Violations of California's Unfair Competition Law |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/14/2017 at 14:55 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | DARIUS OGLOZA<br>OGLOZA FORTNEY LLP<br>535 Pacific Avenue, Suite 201<br>San Francisco, CA 94133<br>(415) 912-1850 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/14/2017, Expected Purge Date: 04/19/2017<br><br>Image SOP<br><br>Email Notification,  Karen Murakami  murakami@yahoo-inc.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / LS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>YAHOO, INC! dba RIVALS.COM<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>ANDREW WAHL, on behalf of himself and all others similarly situated | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**E-FILED**<br>3/31/2017 5:30:14 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>17CV308083<br>Reviewed By:R. Walker |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of the State of California<br><br>County of Santa Clara, Downtown Superior Court<br>191 North First Street, San Jose, CA  95113 | **CASE NUMBER:**<br>*(Número del Caso):* **17CV308083** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Darius Ogloza; Ogloza Fortney LLP, 535 Pacific Ave., Ste. 201, San Francisco, CA 94133; (415) 912-1850

| DATE:<br>*(Fecha)* **4/3/2017** | **Clerk of Court** | Clerk, by<br>*(Secretario)* **R. Walker** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Yahoo, Inc.! dba Rivals.com

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)       ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 4/14/17

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

1   OGLOZA FORTNEY LLP
      Darius Ogloza (SBN 176983)
2       *dogloza@oglozafortney.com*
      David C. Fortney (SBN 226767)
3       *dfortney@oglozafortney.com*
      Micah Nash (SBN 246319)
4       *mnash@oglozafortney.com*
      Josephine Lee (SBN 309394)
5       *jlee@oglozafortney.com*
6   535 Pacific Avenue, Suite 201
    San Francisco, California 94133
7   Telephone: (415) 912-1850
8   Facsimile: (415) 887-5349

9   Attorneys for Plaintiff
    ANDREW WAHL
10

E-FILED
3/31/2017 5:30:14 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV308083
Reviewed By:R. Walker

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

## UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| ANDREW WAHL, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YAHOO! INC., a Delaware corporation dba RIVALS.COM; and DOES 1 through 10, inclusive,<br><br>Defendants. | **17CV308083**<br>CASE NO. _____<br><br>**COMPLAINT FOR:**<br>**1) UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.**<br><br>**Demand for Jury Trial** |

1    Plaintiff Andrew Wahl, on behalf of himself and all others similarly situated, alleges the

2  following against Defendant Yahoo! Inc. dba Rivals.com:

3                                **INTRODUCTION**

4    1.    Plaintiff brings this class action on behalf of himself and a class of others

5  similarly situated consisting of all persons who, within the applicable statute of limitations

6  period, purchased subscriptions from Defendant Yahoo! Inc. dba Rivals.com ("Yahoo" or

7  "Rivals" or "Defendant") and whose credit cards, debit cards, or bank accounts were charged on

8  a recurring basis by Defendant, as part of an automatic renewal plan or continuous service offer.

9  The class of others similarly situated to Plaintiff is referred to herein as "Class Members."  The

10  claims for damages, restitution, injunctive and/or other equitable relief, and reasonable attorneys'

11  fees and costs arise under California Business and Professions Code (hereinafter "Cal. B&P

12  Code") §§ 17200 *et seq.*, 17602, 17603, and 17604, and California Code of Civil Procedure §

13  1021.5.

14    2.    Rivals engages in unlawful and unfair business practices through its sale of

15  monthly and annual subscriptions to its website.  Rivals disregards its legal obligations under

16  California's Automatic Renewal Law and exploits consumers by failing to present its automatic

17  renewal and continuous service offer terms in a clear and conspicuous manner before the

18  subscription is fulfilled and in visual proximity to the request for consent to the offer.  Rivals

19  wrongfully renews subscriptions and charges consumers' credit cards without first obtaining

20  consumers' affirmative consent to such terms.  Rivals also fails to clearly indicate its

21  cancellation policy and fails to provide information regarding how to cancel a subscription.

22    3.    Rivals has taken and continues to take advantage of consumers by including an

23  invalid liquidated damages provision in its subscription agreement declaring all

24  subscription/membership fees non-refundable.  Regardless of when a user terminates his or her

25  subscription, Rivals refuses to provide refunds in any amount.  Rivals intimidates consumers to

26  prevent them from even asking for refunds by including subscription terms stating that should a

27  subscriber request a refund which is then denied for a valid reason under Rivals' Terms of

28  Service and subsequently choose to file a claim against Rivals, Rivals is entitled to collect all

OGLOZA FORTNEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  costs and legal fees associated with defending such a claim through a punitive one-way fee
2  shifting provision.

3      4.      As a result of the above, Plaintiff, on behalf of himself and Class Members, seeks
4  damages, restitution, declaratory relief, injunctive relief, and reasonable attorneys' fees and costs
5  pursuant to Cal. B&P Code §§ 17203, 17204, and 17603 and Code of Civil Procedure § 1021.5.

6                                    **THE PARTIES**

7      5.      Plaintiff Andrew Wahl is a resident of St. Louis, Missouri.  Plaintiff and Class
8  Members are consumers as defined in Cal. B&P Code § 17601(d).

9      6.      . On information and belief, Defendant Yahoo is a corporation organized under the
10  laws of the State of Delaware with its principal place of business in Sunnyvale, California.

11      7.      Plaintiff is unaware of the true names and capacities of defendants DOES 1
12  through 10 and thereby sues such defendants by fictitious names.  Plaintiff is informed and
13  believes that each of the defendants, including each fictitiously named defendant, is liable in
14  some manner for the events alleged in this complaint.  Plaintiff will amend this complaint to
15  allege the true names and capacities of these defendants when ascertained.

16      8.      Plaintiff is informed and believes, and thereon alleges, that each of the
17  defendants, including each fictitiously named defendant, is now and has been at all times herein
18  mentioned the agent, servant, employee, partner, associate, joint venture, co-participant and/or
19  principal of each of the remaining defendants, and that each defendant has been, at all times
20  mentioned herein, acting within the scope of such relationship and with the full knowledge,
21  consent, authority, ratification and/or permission of each of the remaining defendants.

22                              **JURISDICTION AND VENUE**

23      9.      This Court has jurisdiction over this class action pursuant to California Code of
24  Civil Procedure § 382.  Plaintiff's claims for violation of Cal. B&P Code §§ 17602, 17603, and
25  17200, *et seq.* arise under the laws of the State of California, are not preempted by federal law,
26  do not challenge conduct within any federal agency's exclusive domain, and are not statutorily
27  assigned to any other trial court.

28      10.      Venue is proper in Santa Clara County pursuant to California Code of Civil

2

1  Procedure § 395(a).  Plaintiff entered into a subscription contract with Defendant Yahoo that

2  provides that any dispute arising out of their agreement shall be governed by California law and

3  brought exclusively in the courts located in the county of Santa Clara, California or the Northern

4  District of California.  In addition, Defendant has offices, conducts business, markets, and

5  provides its services in the County of Santa Clara, in the State of California.

6                                    **GENERAL ALLEGATIONS**

7      **A. Defendant's Business and Recurring Subscriptions**

8          11.     Rivals is a network of websites that focuses on college football and basketball

9  recruiting in the United States.  Plaintiff is informed and believes that Rivals currently employs

10  more than 300 individuals and claims to be the "most respected name in team-specific college

11  sports coverage and the country's No. 1 authority on college football and basketball recruiting."

12  Rivals was acquired by Yahoo in 2007.

13          12.     Although general access to Rivals' websites is free, Rivals also sells monthly and

14  annual subscriptions that provide access to "premium" content and message boards.  Purchasers

15  of these subscriptions gain access to member-only message boards, exclusive highlights and

16  recruiting interviews, and breaking recruiting news.  Plaintiff is informed and believes that

17  Rivals has sold over 2.4 million subscriptions.

18          13.     To purchase a subscription, the user is required to create an account by providing

19  an email address and designating a username and password.  The user then selects either an

20  annual subscription for $99.95 per year or a monthly subscription for $9.95 per month.  The user

21  next selects a team for "exclusive message board posting."

22          14.     To complete the subscription purchase, the user must provide billing information:

23  credit card number, expiration date, security code, and postal code.

24          15.     Below the billing information, there are links to Yahoo Terms of Service,

25  Additional Rivals Terms of Service, and Yahoo's Privacy Policy.

26          16.     To complete the subscription order, the user clicks a button labeled "Finish

27  Strong."

28          17.     For every subscription through this page, the user's payment method is charged at

1   the initial time of purchase and then again every month thereafter if the user selects a one-month

2   membership, or every year thereafter if the user selects a one-year membership.

3       18.    There is no notice of the fact that the purchaser is agreeing to make recurring

4   payments to Rivals anywhere on the sign up and payment page.

5       19.    In addition, there is no notice anywhere on the sign up and payment page of the

6   fact that once an automatic renewal is processed, the consumer is not entitled to a refund of any

7   portion of his or her subscription fee.

8     **B. Representative Plaintiff's Transaction**

9       20.    In or about February 2015, Plaintiff Andrew Wahl visited Defendant's website,

10   https://n.rivals.com. Plaintiff signed up for a one-year subscription and selected "Missouri" as

11   his favorite team, which would provide him access to Missouri specific news and message

12   boards. Plaintiff then entered his billing information and clicked the "Finish Strong" button to

13   complete the registration process.

14       21.    Defendant's website processed the transaction and charged Plaintiff's credit card.

15   In or about February 2015, a charge in the amount of $99.95 appeared on Plaintiff's credit card

16   statement. Plaintiff gained access to Rivals' members-only message boards and content

17   following his completion of the registration process.

18       22.    On or about February 4, 2016, Plaintiff's credit card was automatically charged

19   for a second yearlong subscription in the amount of $99.95.

20       23.    Plaintiff's usage of the Rivals website declined, and in October 2016, he decided

21   he no longer wanted to continue his subscription.

22       24.    On or about February 6, 2017, Plaintiff's credit card was automatically charged

23   for a third yearlong subscription in the amount of $99.95.

24       25.    Upon noticing the charge on his credit card statement in February 2017, Plaintiff

25   visited Rivals' website to attempt to cancel his subscription and obtain a refund. Plaintiff

26   learned, however, that under Rivals' cancellation policy "[a]ll subscription/membership fees are

27   non-refundable," and he would not be able to recover any of the $99.95 he had been charged

28   only two weeks prior.

OGLOZA FORTNEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**C. Defendant's Failure to Adhere to California's Automatic Renewal Law**

26.     On December 1, 2010, California's Automatic Renewal Law, Cal. B&P Code §§ 17600-17606 came into effect.  The legislature's intent for these statutes was to end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service.

27.     Subscriptions on Rivals' website automatically renew on a recurring basis either monthly or annually depending on the user's initial chosen term and continue until the end of the complete term following the user's cancellation of his or her subscription.  Hence, after Plaintiff and Class Members purchased subscriptions, Rivals charged, and has continued to charge, Plaintiff's and Class Members' original payment method on a monthly or annual basis.

28.     In providing recurring membership subscriptions to Class Members, Defendant has made automatic renewal or continuous service offers to consumers.  Defendant's subscriptions are consequently subject to the requirements of California's Automatic Renewal Law, codified as Cal. B&P Code §§ 17600-17606.

29.     Plaintiff is informed and believes that Defendant has failed, and continues to fail, to: (a) present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription is fulfilled and in visual proximity to the request for consent to the offer; (b) charge the consumers' payment method after first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous offer terms; and (c) provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer, in violation of Cal. B&P Code § 17602(a).

**D. Defendant's Nonrefundable Payment Terms in Violation of California's Liquidated Damages Law, Cal. Civ. Code § 1671**

30.     Pursuant to Rivals.com Additional Terms of Service, all subscription/membership fees are non-refundable.  Regardless of the date of termination, there is no refund available for

OGLOZA FORTNEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   any unused portion of the user's current subscription.

2       31.     Rivals.com Additional Terms of Service further states that "[s]hould Subscriber

3   request a refund which is denied for a valid reason under these Terms of Service, and should

4   Subscriber subsequently file a claim against Rivals, Rivals shall be entitled to collect from

5   Subscriber all costs (including attorneys fees) associated with defending such a claim."

6       32.     The early termination fee terms in the Rivals.com Additional Terms of Service

7   are unreasonable in that they bear no reasonable relationship to the range of actual damages that

8   the parties could have anticipated would flow from a breach.  Under Rivals' liquidated damages

9   provision, a subscriber seeking to terminate his or her subscription the day after being charged

10  for a subsequent month or year would be charged the full term's fee and have no recourse for a

11  refund in any amount.  It is unreasonable to claim that the actual cost of closing down one user's

12  access to certain areas of a website is equal to the entire month-long or yearlong subscription

13  price.

14                              **CLASS ACTION ALLEGATIONS**

15      33.     Plaintiff brings this action on behalf of himself and all others similarly situated

16  (the "Class").

17      34.     The proposed Class that Plaintiff seeks to represent consists of:

18          "All persons whose credit cards, debit cards, or bank accounts were charged on a

19  recurring basis by Defendant, as part of an automatic renewal plan or continuous service offer

20  via Rivals.com."

21      35.     The action is appropriately suited for a Class Action for the following reasons:

22          a.  Common questions of law and fact exist as to all members of the Class.  These

23              common questions predominate over questions affecting only individual Class

24              Members.  The common questions, which may be determined without

25              reference to the individual circumstances of any class member and are subject

26              to common proof, include, but are not limited to, the following:

27                  i.  Whether Defendant presents the automatic renewal offer terms or

28                      continuous service terms in a "clear and conspicuous manner" before

6

the subscription or purchasing agreement is fulfilled;

    ii.  Whether Defendant presents the automatic renewal offer terms or continuous service terms "in visual proximity" to the request for consent to the offer;

    iii.  Whether Defendant charged Plaintiff's and Class Members' credit cards for an automatic renewal or continuous service without first obtaining their affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms;

    iv.  Whether Defendant failed and continues to fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer;

    v.  Whether Plaintiff and Class Members are entitled to injunctive relief;

    vi.  Whether Plaintiff and Class Members are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5;

    vii.  Whether Defendant's no-refund policy constitutes an invalid liquidated damages provision; and

    viii.  Whether Defendant's business practices violate California's Unfair Competition Law, Cal. B&P Code § 17200, *et seq.*

  b.  Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and all Class Members have sustained damages arising out of Defendant's common course of wrongful conduct as described herein.

  c.  Although the exact size of the Class is unknown and unavailable to Plaintiff at this time, it is clear that the class is so numerous that the individual joinder of all its members is impracticable. Plaintiff is informed and believes and thereon alleges that the Class includes thousands of members. Plaintiff alleges that the numbers may be ascertained through appropriate discovery,

7

OGLOZA FORTNEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1        including examination of Defendant's business records.

2            d.  Plaintiff will fairly and adequately represent and protect the interests of the

3                Class and has retained counsel competent and experienced in complex class

4                actions.  Plaintiff has no interests antagonistic to those of the Class and has no

5                conflicts of interest with other putative Class Members.

6            e.  Class proceedings are superior to all other available methods for the fair and

7                efficient adjudication of this controversy because joinder of all parties is

8                impracticable.  The damages suffered by individual Class Members will likely

9                be relatively small, particularly given the burdensome and expensive nature of

10               individual prosecution of complex litigation compelled by Defendant's

11               conduct.  Conducting this litigation as a class action will conserve the

12               resources of both parties and the court system, result in fewer management

13               difficulties, and protect the rights of each Class Member.

14                          **FIRST CAUSE OF ACTION**

15                  **Violations of California's Unfair Competition Law**

16                        **(Cal. B&P Code § 17200, *et seq.*)**

17        36.    Plaintiff realleges and incorporates by reference the allegations contained in

18   paragraphs 1 through 35 above as if fully stated herein.

19        37.    Cal. B&P Code § 17200, *et seq.* ("UCL") makes actionable all unfair, unlawful,

20   and fraudulent business practices.  Cal. B&P Code § 17204 allows "a person who has suffered

21   injury in fact and has lost money or property" to prosecute a civil action for violation of the

22   UCL.

23        38.    By and through its conduct alleged in this Complaint, Defendant has engaged in

24   business practices that constitute unlawful and unfair business practices prohibited under Section

25   17200 and common law.

26   **A. California Automatic Renewal Law Violations**

27        39.    Defendant failed and continues to fail to comply with the requirements of

28   California's Automatic Renewal Law, Cal. B&P Code §§ 17602(a)(1) – (3) and 17602(b).

8

40.   Through its sale of subscriptions on Rivals' website, Defendant has engaged in the practice of making automatic renewal offers and continuous service offers, as those terms are defined by Cal. B&P Code § 17600, *et seq.*, to California consumers and the general public.

41.   Defendant's website fails to clearly and conspicuously state that the monthly or annual Rivals subscription will continue until the consumer cancels, in violation of Cal. B&P Code § 17602(a)(1).  Defendant's renewal policy is not in visual proximity to the request for consent to the offer: Defendant's renewal policy is not described anywhere on the page where users register for a subscription and "Finish Strong" to complete registration.

42.   Once on the separate webpage entitled "Terms of Service," Rivals' renewal policy is likewise not stated in a clear and conspicuous manner.  The policy is buried in a lengthy document.  It is not stated in a manner that clearly calls attention to the language: it is not in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks.

43.   Defendant failed to obtain the user's affirmative consent to the subscription agreement containing the automatic renewal offer terms or continuous service offer terms, in violation of Cal. B&P Code § 17602(a)(2).  On the registration page, the statement "I have read and consent to the Yahoo! Terms of Service, Additional Rivals.com Terms of Service, and Yahoo! Privacy Policy" is pre-checked.  The registration page itself does not contain any disclosure of the automatic renewal and continuous service offer terms.

44.   Defendant failed to provide an acknowledgment that includes its automatic renewal or continuous service offer terms, in violation of Cal. B&P Code § 17602(a)(3).  The registration page where the consumer consents to purchasing a Rivals subscription does not include information clarifying that the subscription will be automatically renewed.

45.   Defendant failed to provide an acknowledgment that includes its cancellation policy.  Although Defendant's cancellation policy is stated in Additional Rivals.com Terms of Service, to access the Additional Rivals.com Terms of Service, the registrant must access another webpage by clicking "Additional Rivals.com Terms of Service" in the pre-checked sentence "I have read and consent to the Yahoo! Terms of Service, Additional Rivals.com Terms of Service,

9

1 and Yahoo! Privacy Policy," and the policy is buried in a lengthy document. The cancellation

2 policy is not displayed on the registration page in a manner that is capable of being retained by

3 the consumer.

4      46.      Defendant failed to provide an acknowledgment that includes information

5 regarding how to cancel subscriptions, in violation of Cal. B&P Code § 17602(b). Neither the

6 registration page nor the Additional Rivals.com Terms of Service include information regarding

7 how to cancel subscriptions. Neither webpage includes a toll-free telephone number, electronic

8 mail address, or any other cost-effective, timely, and easy-to-use mechanism for cancellation as

9 is required by Cal. B&P Code § 17602(b).

10      47.      Defendant charged, and continues to charge, Plaintiff and Class Members for

11 automatic renewal and continuous service of their Rivals subscriptions.

12      **B.  Invalid Liquidated Damages Provision and Unfair Contract Terms Pertaining to**

13          **Any Refund Request**

14      48.      Pursuant to Rivals.com Additional Terms of Service, all subscription/membership

15 fees are non-refundable. Regardless of the date of termination, there is no refund for any unused

16 portion of the current subscription. Refusing to refund any of the subscription fee, regardless of

17 how early during the subscription period the user terminates his or her subscription, is

18 unreasonable. The contract does not represent an honest and genuine effort to estimate probable

19 damages of early termination. A full term subscription fee is a disproportionate estimate of any

20 damage reasonably to be anticipated at the time the agreement was entered into.

21      49.      Rivals' early termination fee is an invalid liquidated damages provision in

22 violation of Cal. Civ. Code § 1671.

23      50.      Rivals.com Additional Terms of Service further states that "[s]hould Subscriber

24 request a refund which is denied for a valid reason under these Terms of Service, and should

25 Subscriber subsequently file a claim against Rivals, Rivals shall be entitled to collect from

26 Subscriber all costs (including attorneys fees) associated with defending such a claim." This

27 punitive clause serves to intimidate consumers and prevent them from requesting refunds.

28      51.      As a direct, proximate, and foreseeable result of Defendant's wrongful conduct, as

10

1   alleged above, Plaintiff and Class Members suffered injury and are entitled to relief.

2       52.    Plaintiff and Class Members are entitled to restitution pursuant to Cal. B&P Code

3   § 17203 for all monies paid under the subscription agreements from four years prior to the filing

4   of this complaint to the date of such restitution at rates specified by law.  Defendant should be

5   required to disgorge all profits and gains it has reaped and restore such profits and gains to

6   Plaintiff and Class Members, from whom they were unlawfully taken.

7       53.    On information and belief, Defendant will continue to engage in the wrongful

8   conduct described above unless permanently enjoined from doing so.

9       54.    Plaintiff, on behalf of himself and similarly situated Class Members, requests

10   relief as described below.

11                            **PRAYER**

12     WHEREFORE, Plaintiff and Class Members pray for relief as follows:

13     1.    That this action be certified as a Class Action, Plaintiff be appointed as

14   representative of the Class, and Plaintiff's attorneys be appointed Class Counsel;

15     2.    That the Court find and declare that Defendant has violated Cal. B&P Code §

16   17602(a)(1) by failing to present the automatic renewal offer terms or continuous service offer

17   terms in a clear and conspicuous manner before the subscription is fulfilled and in visual

18   proximity to the request for consent to the offer;

19     3.    That the Court find and declare that Defendant has violated Cal. B&P Code §

20   17602(a)(2) by charging Plaintiff's and Class Members' credit cards without first obtaining their

21   affirmative consent to the agreement containing the automatic renewal offer terms or continuous

22   service offer terms;

23     4.    That the Court find and declare that Defendant has violated Cal. B&P Code §

24   17602(a)(3) by failing to provide an acknowledgment that includes the automatic renewal or

25   continuous service offer terms, cancellation policy, and information regarding how to cancel in a

26   manner that is capable of being retained by Plaintiff and Class Members;

27     5.    That the Court find and declare that Defendant has violated the UCL and

28   committed unfair and unlawful business practices by violating Cal. B&P Code § 17602 and Cal.

OGLOZA FORTNEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Civ. Code § 1671;

2       6.     That the Court find that Plaintiff and Class Members are entitled to restitution and

3   injunctive relief, pursuant to Cal. B&P Code § 17203;

4       7.     That Plaintiff and Class Members be awarded reasonable attorneys' fees and costs

5   associated with this action as permitted by statute; and

6       8.     For such other and further relief as the Court may deem proper.

7

8   Dated:  March 31, 2017            OGLOZA FORTNEY LLP

9

10                             By

11                             **DARIUS OGLOZA**

                               Attorneys for Plaintiff Andrew Wahl

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OGLOZA FORTNEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CLASS ACTION COMPLAINT

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Darius Ogloza (SBN 176983); Josephine Lee (SBN 309394)<br>Ogloza Fortney LLP<br>535 Pacific Avenue, Suite 201<br>San Francisco, CA 94133<br>TELEPHONE NO.: (415) 912-1850    FAX NO.: (415) 887-5349<br>ATTORNEY FOR *(Name)*: Andrew Wahl | **FOR COURT USE ONLY**<br><br>E-FILED<br>3/31/2017 5:30:14 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>17CV308083<br>Reviewed By:R. Walker |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Wahl and others similarly situated v. Yahoo! Inc. dba Rivals.com, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 17CV308083 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Hon. Brian C. Walsh<br>DEPT: 1 - Complex Civil Litigation |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☑ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is    ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify)*: 1: Unfair competition in violation of Cal. B&P Code Sections 17,200 et seq.
5. This case ☑ is    ☐ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 31, 2017
Darius Ogloza                                                              ▶ _____
_____                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)
(TYPE OR PRINT NAME)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rules.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### What kind of disputes can be resolved by ADR?
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

### Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?

**Contact:**

Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2784
408-882-2530

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
                                      **CIVIL DIVISION**

**ATTACHMENT CV-5012**

## CIVIL LAWSUIT NOTICE

CASE NUMBER: __17CV308083__

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

### READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANTS* (The person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

**Warning: If you do not do these three things, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: __Hon. Brian C. Walsh__   Department: __1__

The 1st CMC is scheduled for: (Completed by Clerk of Court)

Date: __08/04/2017__   Time: __10:00 am__ in Department __1__

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____   Time: _____   in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

### GUIDELINES AND PROTOCOLS

### COMPLEX CIVIL LITIGATION DEPARTMENT

Welcome to the Complex Civil Litigation Departments of the Superior Court of California, County of Santa Clara. Ours is one of few Superior Courts selected by the California Judicial Council where case management principles designed to reduce the time and expense normally associated with complex civil litigation cases have been employed.

Counsel's familiarity with the applicable *California Rules of Court, Local Rules – Superior Court of California, County of Santa Clara* and the *Deskbook on the Management of Complex Civil Litigation* is expected. In addition, familiarity with these guidelines and protocols will answer common procedural questions and should assist you in your appearances in this Department. *Note: These Guidelines and Protocols are revised from previous versions. Your thoughts and suggestions are always welcome. Significant practice highlights include:*

*The website for the Complex Departments is now integrated into the Court's site, www.scscourt.org.*

*Tentative rulings on motions of all types are posted online by 2:00 p.m. the day prior to the hearing, and, unless an objection is properly raised by 4:00 p.m. the day prior to the hearing, the ruling will automatically become the Court's order the next day. For specific information, go to: http://www.scscourt.org/online_services/tentatives/tentative_rulings.shtml and select the appropriate department.*

*Ex parte hearings require advance reservation with the Coordinator. Letter briefs are not acceptable.*

*Case management conference statements are to be in a combined format; see VII. 3.*

*No discovery motions may be filed until the parties have meaningfully met and conferred AND met with the Court for a face-to-face Informal Discovery Conference.*

*The Court requires detailed JOINT pre-trial statements in advance of a pre-trial conference where counsel are expected to make concrete suggestions as to efficient trial management; see XI.*

**Superior Court of California,**
**County of Santa Clara**
**191 North First Street**
**San Jose, CA 95113**

Revised April 3, 2017

## Complex Civil Guidelines

---

> ## PLAINTIFF MUST SERVE A COPY OF THESE GUIDELINES
> ## WITH THE SUMMONS AND COMPLAINT.

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | CONTACT INFORMATION | 3 |
| II. | INTRODUCTION | 3 |
| III. | COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE | 4 |
| IV. | GENERAL MATTERS | 5 |
| V. | EX PARTE APPLICATIONS | 6 |
| VI. | LAW AND MOTION | 6 |
| VII. | CASE MANAGEMENT CONFERENCES (CMC) AND OTHER CONF | 7 |
| VIII. | CASE MANAGEMENT AND REFERENCE ORDERS | 8 |
| IX. | MANDATORY SETTLEMENT CONFERENCES (MSC) | 8 |
| X. | MINI-TRIALS | 9 |
| XI. | PRE-TRIAL MEET AND CONFER | 9 |
| XII. | TRIALS - GENERALLY | 12 |
| XIII. | TRIAL EXHIBITS | 17 |

CURRICULUM VITAES ................................................................19-23

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

### I.   CONTACT INFORMATION

<u>Departments 1 and 5</u> –      Downtown Superior Courthouse, 191 N 1st Street,
San Jose, CA 95113.

<u>Department 1</u>:

| | | |
|---|---|---|
| Judge | Hon. Brian C. Walsh | 408-882-2110 |
| Courtroom Clerk | Jee Jee Vizconde | 408-882-2113 |
| Reporter | Aura Clendenen | 408-882-2115 |
| Bailiff and Deputy Sheriff | Frankie Taranto | 408-882-2111 |

<u>Department 5</u>:

| | | |
|---|---|---|
| Judge | Hon. Thomas E. Kuhnle | 408-882-2150 |
| Courtroom Clerk | Jessica Crabtree | 408-882-2153 |
| Reporter | Rose Ruemmler | 408-882-2155 |
| Bailiff and Deputy Sheriff | Daniel Enright | 408-882-2151 |

| | | |
|---|---|---|
| Coordinator for Complex | Rowena Walker | 408-882-2286   rwalker@scscourt.org |
| E-Filing Web Site: | http://www.scscourt.org/forms_and_filing/efiling.shtml | |

### II.   INTRODUCTION

Complex cases suitable for assignment to the Complex Civil Litigation Department are defined in
<u>Rule 3.400</u>, California Rules of Court ("Rules" or CRC). Cases will be assigned to the Complex
Civil Litigation Department, **for all purposes, including discovery and trial**, by the Court's own
motion, or on application of any of the parties, pursuant to the procedures specified in Rule 3.400.
Applications for complexity determination shall be heard in the Complex Civil Litigation
Department. It is within the Court's discretion to accept or reject a case for complex designation.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

In general, cases assigned to the Complex Civil Litigation Department will be managed in accordance with the principles set forth in the *Deskbook on the Management of Complex Civil Litigation* ("Deskbook").

## III. COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE

1. The Court expects formality, civility and proper decorum at all times. Witnesses and parties are to be addressed and referred to by their surnames. COURTESY AND RESPECT TOWARDS EVERYONE IN THE COURTROOM IS REQUIRED. Advise all witnesses and parties to observe appropriate courtroom demeanor and punctuality. The civil and courteous treatment of courtroom staff and opposing counsel is a paramount professional obligation of counsel.

2. All pagers, cell phones and other audible electronic devices must be TURNED OFF while in the courtroom whether or not court is in session.

3. Do not approach the clerk or reporter while court is in session for any reason.

4. Objections, statements and arguments must be addressed to the Court rather than opposing counsel. Counsel may speak from the lectern (if present) or the counsel table. Counsel must stand when objecting or addressing the Court. Counsel may approach any witnesses as necessary only with leave of Court.

5. At the end of each day, counsel must clear work areas including the area in the rear of the courtroom.

6. Use of the department's copier or telephone requires the Court's permission.

7. It is counsel's responsibility to note the date and time set for any future hearing. Hearing dates are set by contacting the Coordinator.

8. Courtroom staff will not make copies at counsel's request unless directed to do so by the Court. Copy work completed by courtroom staff is subject to the current per-page copy fee.

9. If a peremptory challenge or challenge for cause is upheld, the case will be referred to the Civil Supervising Judge for reassignment.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

## IV. GENERAL MATTERS

1.  The Court expects all counsel to maintain regular communication with each other regarding hearing dates, progress of the case, and settlement possibilities. A condition of remaining in the complex department is that counsel will behave toward all counsel and other participants with civility, courtesy and professionalism, both in and out of Court. Meeting and conferring with opposing counsel on both procedural issues as well as substantive issues is mandated.

2.  The Court believes in open discovery in accordance with the law, but expects counsel to refrain from engaging in excessive and abusive discovery. *See discussion of discovery below*

3.  Continuances of hearing or trial dates are discouraged but may be necessary from time to time. Continuances of hearings and trial dates by stipulation are not permitted without prior approval of the Court, and only to a date pre-approved by the Court. Please call the Coordinator for available dates before contacting other counsel. If preliminary approval is given, a written stipulation must be provided before the hearing or trial date. Faxed signatures on stipulations are permitted.

4.  In the event a case settles prior to a court hearing or trial date, parties must telephonically notify the Court as soon as the disposition is agreed upon and must file with the Complex Litigation Department either a Notice of Settlement, Request for Dismissal, a Stipulation for Entry of Judgment or a Judgment on Stipulation that is ready for the Court's signature. If the applicable document is not ready, counsel must appear at the time scheduled for hearing and recite the settlement for the record.

5.  Cross-complainants must serve a copy of these guidelines upon any new parties and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

6.  All actions classified as complex or provisionally complex are subject to the Court's Electronic Filing and Service Standing Order, unless exempted by order of the Court for good cause. Further information is posted on the Court's website at
*http://www.scscourt.org/forms_and_filing/efiling.shtml* .

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

### V.   EX PARTE APPLICATIONS

1.  Ex parte appearances are discouraged except in unusual situations. Hearing dates must be coordinated with the Complex Coordinator. Strict compliance with CRC Rules 3.1200-3.1207 is required.  In addition, the ex parte application and all supporting papers, including any proposed pleading, motion or order shall be electronically submitted to the Court's website by noon the Court day prior to the scheduled ex parte hearing date.

2.  The Court is eager to assist counsel when specific problems arise that may not require a formal motion. To arrange a conference with the Court when all counsel agree to the advisability of such a discussion, please contact the Coordinator to reserve a time for the conference.  In these instances "letter briefs" are not acceptable, but briefs on court pleading paper not exceeding 3 pages may be submitted. The Court prefers that discovery conference briefs be lodged via the Court's efiling website at *http://www.scscourt.org/forms_and_filing/efiling.shtml* at least two court days in advance of the scheduled conference.

3.  Though the Court prefers personal appearances by counsel, counsel may appear by telephone, with the Court's prior permission, at counsel's expense.

### VI. LAW AND MOTION

1.  Law and Motion matters are generally heard Fridays at 9:00 a.m.

2.  Counsel must first clear the hearing date with the other parties prior to contacting the Coordinator.  You must provide the Court with the name of the case, the case number, type of hearing, hearing date requested and name and telephone number of the filing attorney.

3.  Prior to the hearing of any motion, petition or application all counsel and parties representing themselves shall communicate in a good faith effort to eliminate the necessity of the hearing.

4.  **The Court values the importance of the training of the next generation of trial lawyers, which must include substantive speaking opportunities in court.  The Court strongly encourages the parties and senior attorneys to allow the participation of junior lawyers in all court proceedings, particularly in arguing motions where the junior lawyer drafted or contributed significantly to the motion or opposition.**

5.  Discovery meet and confer obligations require an in-person conference between counsel.  If a resolution is not reached, parties are required to meet and confer in person with the Court for all discovery-related hearings **prior to filing of any discovery motion, unless otherwise authorized by the Court**.  Each side must serve and lodge a short brief, **limited to no more than 3 pages,**

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

briefly discussing the issues to be discussed two court days in advance of the meeting.  To schedule an informal discovery conference (IDC) with the Court, please contact the Coordinator.

**6.  Any dates given by the Court relating to this IDC process have no impact on statutory deadlines for filing motions or any other papers, including, but not limited to, the 45-day deadline for filing a motion to compel further responses. The party that files a discovery motion must address the motion's timeliness in its moving papers.**

7.  Motions or applications to seal must be heard no later than any motion relying on the materials for which sealing is sought. Upon demand of a motion or application to seal, the moving party must notify the Court that the materials are to be filed unsealed (CRC Rule 2.551(b)(b)) or refrain from relying on the materials, which will not be part of the record.

8.  Counsel for moving parties must notify the Court as soon as possible regarding any matter to be taken off calendar or continued.  Notice of continuances of hearings must be provided by the moving party.

## VII.   CASE MANAGEMENT CONFERENCE

1.  The first case management conference is generally scheduled one hundred twenty (120) days after the action is filed.  Plaintiff is required to give notice of this conference date to all other parties.

2.  Case Management Conferences are generally heard Fridays at 10:00 a.m. and are scheduled as necessary to monitor the progress of the case and to assist counsel and the parties as the matter progresses.  The parties should expect the Court to schedule a status conference approximately every 120 days.

3.  Judicial Council Form CM-110, Civil Case Management Statement (required by CRC 3.725(c)), is not well-suited for complex cases. Instead, the parties shall file a joint case management statement no later than five calendar days prior to the hearing for each conference addressing the following subjects:

> (a) a brief objective summary of the case,
> (b) a summary of any orders from prior case management conferences and the progress of the parties' compliance with said orders,
> (c) significant procedural and practical problems which may likely be encountered,
> (d) suggestions for efficient management, including a proposed timeline of key events, and
> (e) any other special consideration to assist the Court in determining an effective case management plan.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

A status conference statement may be filed as an alternative to the case management statement when appropriate. A status conference statement is generally less detailed than a case management statement and is to be used to advise the Court of progress or developments in the case which have occurred since the last review hearing.

## VIII.   CASE MANAGEMENT AND REFERENCE ORDERS

1. Case Management Orders are not required in all cases, but may be helpful in cases where the sequencing and timing of key events are necessary in the management of the litigation and preparation of the case for trial. However, even if a case management order is not necessary in a particular case, all complex cases must be managed by counsel, or the court, or both.

2. Mediation and Reference matters should not commence until all parties are before the Court but not later than six months after the original complaint was filed, except for good cause.

3. Mediation and Reference matters should be concluded 12 months after their initiation (approximately 18 months after the original complaint was filed), except for good cause.

4. Brevity in drafting the Order may help focus your case and assist in reaching the desired goal (i.e., early informed resolution of your case in a cost-effective manner).

5. After a date is scheduled with the Court, it may not be continued by stipulation of the parties without the Court's consent.

## IX. MANDATORY SETTLEMENT CONFERENCES (MSC)

1. If there is an objection to the trial judge's participation in the mandatory settlement conference, counsel must advise the Court as soon as possible, and in no event, later than the date the MSC is set. No case will be tried before a good faith effort is made to settle. Mandatory settlement conferences set on the court's calendar are typically set at the time the trial is set, and generally, the final mandatory settlement conference takes place a week to two weeks before the first day of trial, typically on a Wednesday.

2. Trial counsel, parties and persons with full authority to settle the case must personally attend unless excused by the Court. If insurance coverage is available to satisfy the plaintiff's settlement demand and a representative of defendant's insurer with full settlement authority attends the mandatory settlement conference with defendant's trial counsel, named defendants need not attend unless their personal consent is necessary to settle the case. Named defendants must also personally attend the mandatory settlement conference when (a) there is an insurance coverage dispute; (b) plaintiff seeks to recover damages not covered by insurance; or (c) plaintiff's demand

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

exceeds insurance policy limits. Failure to appear will result in the imposition of sanctions. Settlement Conference Statements must be filed at least five (5) court days before the scheduled conference (Rule 3.1380).

3. Any request for a waiver of the requirement to personally appear at the MSC, whether conducted by the Court or a special master, must be made by written application to the Court.

## X. MINI-TRIALS

There may be a pivotal issue, such as a special defense or evidentiary ruling, upon which the rest of the case depends. If counsel agree, the Court will set aside time before or during the trial to hear mini-trials on such issues. Time will be appropriately limited. Briefs and factual stipulations must be submitted in advance. Limited testimony may be taken, for example, as in an Evidence Code § 402 situation. Contact the Coordinator to schedule a date and submit a stipulation signed by all counsel.

## XI. PRE-TRIAL CONFERENCE

There will be a detailed pre-trial conference 10-15 days before trial to discuss procedural issues and preliminary matters in order to make the trial process as predictable and smooth as possible.

The conference may be a time for the Court to discuss trial evidence presentation and use of audio-visual equipment. The conference is not for the purpose of hearing motions in limine. An example of an issue for the conference: Product liability case in which the manner of presenting the underlying case is of concern. Will the Court allow counsel to read the transcript into the record? Live testimony? A combination of transcript and live testimony? Is a trial by jury requested?

At least 10 days before the pretrial conference, counsel shall meet and confer and execute necessary documents listed below. Counsel shall meet in person at a mutually agreeable time and location.

At the meet and confer, the parties shall:

1. Prepare a **Joint Statement of the Case.**

2. Prepare a **Joint Witness List**, excluding impeachment or rebuttal witnesses, with accurate time estimates.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

Witness lists should not be exaggerated. Only witnesses that a party expects to actually call should be listed, with a brief synopsis of the proposed testimony. In addition to the list contained in the statements, each list should also be prepared in the form attached as follows. Witnesses should be listed last name first. Titles (e.g. Dr., Officer) should be placed after the comma following the last name. This is so that lists can be sorted correctly.

As noted above, Counsel should include in their witness list the amount of time they expect to spend on direct examination of each witness. The amount of time should be stated in minutes (*not* days or hours). Counsel must also be prepared to state at the conference how much time they will require for cross-examination of each witness identified on the other party's list.

At the conference the Court will make separate arrangements for the preparation of a joint list, for jury selection purposes, of possible witnesses and persons or entities who might otherwise be mentioned at trial.

Format for Witness Lists

*Plaintiffs' List*

| Witness | Party (P or D) | Direct (min.) | Cross (min.) | Redirect (min.) | Total | Subject |
|---|---|---|---|---|---|---|
| Smith, John | P | 20 | 30 | 5 | 55 | Formation of contract |
| Brown, Nancy | P | 15 | 20 | 5 | 40 | Breach of contract |
| White, Ron | P | 70 | 10 | 15 | 95 | Damages |
| Black, Peter | P | 60 | 30 | 15 | 105 | Formation of contract |
| Garcia, Dr. Ruth | P | 120 | 100 | 30 | 250 | Damages |
| Rogers, Officer Ted | P | 60 | 30 | 10 | 100 | Arrest of Susan Petersen |

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

*Defendant's List*

| Witness | Party (P or D) | Direct (min.) | Cross (min.) | Redirect (min.) | Total | Subject |
|---|---|---|---|---|---|---|
| Doe, Edward | D | 20 | 10 | 5 | 35 | Formation of contract |
| Chang, Sam | D | 75 | 30 | 15 | 120 | Damages |
| Martin, Dr. Eric | D | 120 | 60 | 30 | 210 | Damages |

3.  Exchange **exhibits** and inspect photos and diagrams (to be submitted on the date of trial), excluding those contemplated to be used for impeachment or rebuttal. **Stipulate to all facts amenable to stipulation.**

4.  Prepare a **Joint List of Controverted Issues.**  If all the parties fail to agree to an issue as controverted or uncontroverted, then the issue is controverted.  (Required for both jury and non-jury trials).

5.  Exchange all **motions** in limine.

6.  Prepare *voir dire* **questions** for the Court to include when examining the panel.

7.  Execute the **Statement of Compliance** indicating counsel has complied with the Loral Rules and these Guidelines.

8.  Prepare joint proposed **jury instructions** (CACI only) and verdict forms, and exchange disputed instructions.

The above items, including opposition to motions in limine, trial briefs and the Statement of Compliance signed by all counsel, shall be submitted to the Complex Civil Litigation Coordinator or to the courtroom clerk in the department of the judge to whom the case has been assigned for trial, **no later than noon on the 1st court day before the date set for trial.**

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

## XII.   TRIALS - GENERALLY

1. **General Matters – the following applies to all trials (jury and non-jury):**

   a.   Trials generally will proceed four days a week as follows:  Monday through Thursday (9:00 a.m. to 4:30 p.m.).  The Court will provide the parties, generally at the conclusion of the Mandatory Settlement Conference, a proposed trial schedule.

   b.   Jury deliberations will proceed five days a week, from 9:00 a.m. to 4:30 p.m.

   c.   Trial attorneys should be in the courtroom 30 minutes prior to the start of each morning session, unless another time is agreed upon by the Court.  Counsel should expect that the court will take appropriate action if counsel is late for any appearance and does not have a justification for a late appearance.

   d.   Before rearranging tables or other courtroom furniture, or installing equipment such as projectors or screens, permission must first be obtained from the bailiff or the Court.

   e.   Unless the Court expressly advises otherwise, counsel may not approach a witness who is testifying to hand the witness exhibits, or to help the witness locate portions thereof, without first obtaining the Court's permission.

   f.   Counsel must advise opposing counsel and the Court of the identity of each witness intended to be called by 4:30 p.m. the day preceding the time for the witness or witnesses to testify.

   g.   Counsel presenting their case shall be expected to have witnesses ready to call through at least 4:30 p.m., and may be deemed to have rested their case if they are not prepared to proceed.  Counsel shall advise the Court immediately of any circumstances which may prompt a request for a modification of the established trial schedule.

   h.   Counsel should advise the Court at the outset of the proceedings, or as soon as the issue becomes apparent, of any legal issues or evidentiary matters that counsel anticipate will require extended time for consideration or hearing outside the presence of the jury.

   i.   If during the course of trial, counsel wish to discuss a matter with the Court and opposing counsel outside of the presence of the jury, counsel MUST advise the Court of this request at the conclusion of the preceding court session and NOT immediately before proceedings are scheduled to resume.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

j.   The amount of jury fees required to be posted in advance of a jury trial is $150.00. CCP §631(b).  If a case settles after jury fees have been deposited, the jury fees will not be returned unless the Court is notified of the settlement by 2:00 p.m. on the court day preceding the trial date for which the deposit was made.

k.   The court reporter per diem fees in civil proceedings lasting one hour or less is $30. GC 68086(a)(1)(A). The court reporter per diem fees in civil proceedings lasting more than one hour are $350 for half-day, or $700 for full day. GC 68086(a)(1)(B).

l.   Counsel must confer in advance of the trial, attempt to stipulate on as many issues and facts as possible, and reduce all stipulations to writing. The written stipulation is filed and during jury trials is read aloud into the record.

m.   **The Court strongly encourages the parties and senior attorneys to permit junior lawyers to have an important role at trial, including the examination of witnesses.**

2.  **Documents**

Unless the case was settled at the Mandatory Settlement Conference or dismissed in full prior thereto, or unless otherwise ordered by the Court, the following items must be lodged in the department of the trial judge or, if none, with the Complex Civil Coordinator, and served on all other parties by noon on the last court day before the date set for trial:

(1) all in limine motions and a list of the in limine motions;

(2) exhibit lists/indices, except impeachment exhibits;

(3) witness lists, except impeachment witnesses, and unusual scheduling problems; each witness listed shall include a succinct (no more than one or two sentences) statement of the general subject matter of the witness' testimony and an estimate of the time that will be required for the direct examination of each such witness;

(4) jury instruction requests, except for instructions that cannot reasonably be anticipated prior to trial;

(5) proposed special verdicts;

(6) any stipulations on factual or legal issues;

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

(7) a concise, non-argumentative statement of the case to be read to the jury in jury trials;

(8) trial briefs;

(9) the original of all deposition transcripts to be used during the course of the trial. If counsel anticipates reading from the deposition transcript for any purpose other than impeachment, counsel must deliver to opposing counsel a written specification of the pages and lines proposed to be read.

An extra copy of all the above documents (except deposition transcripts) shall be delivered to the courtroom clerk on the morning of the trial for use by the clerk.

Counsel seeking to display to the jury any exhibit which required time and equipment to observe, such as slides, transparencies, movies, videotapes and audiotapes, MUST make such exhibit available to opposing counsel for review prior to commencement of the session of court at which the exhibit will be used. Proceedings will not be delayed to permit such a review if the review has not occurred by the time court is scheduled to begin.

3. **Technology**

Counsel must meet and confer regarding the use of computers, projectors, screens and other forms of equipment for showing evidence to the jury or Court. Counsel must confer with court staff regarding the placement and use of any such equipment.

4. **Stipulations**

Prior to the commencement of trial, all counsel will be requested to stipulate:

1. At the commencement of each session of the Court, all parties, attorneys and jurors are present unless otherwise indicated.

2. After the first occasion on which the jury has been admonished not to discuss or prejudge the case in conformity with CCP § 611, the jury will be deemed to have been so admonished at every subsequent recess or separation without the need for further admonition; and

3. Reporting of juror <u>voir dire</u> and jury instructions are waived.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

5. **Opening and Closing Arguments**

   a.    Counsel should avoid discussing routine matters of court procedure, such as the sequence of trial, in opening statements and closing arguments. These matters will be covered by the Court and need not be repeated by counsel.

   b.    Do not display charts, diagrams or proposed exhibits to the jury until they have been shown to opposing counsel outside of the presence of the jury. If opposing counsel indicates no objection, the exhibits or other object may be displayed to the jury without first requesting Court approval. If opposing counsel objects, the exhibit or object may not be displayed without Court approval, which must be requested outside the presence of the jury.

6. **Examination of Witnesses**

   a. Objections: Counsel should only state the legal ground(s) of objection and, unless the Court specifically requests explanation or argument, should refrain from argument, elaboration, or any other form of extended objection-making. Counsel may request permission to approach the side bar to present argument, but should not approach unless and until the Court grants the request.

   b. When calling a witness to testify under Evidence Code section 776, do not announce in the presence of the jury that the witness being called under this provision or as a "hostile" or "adverse" witness. Simply proceed with the examination of the witness; the Court will rule upon the applicability of section 776 only if such a ruling is required by an objection asserted by opposing counsel.

   c. Do not propose a stipulation to opposing counsel in the hearing of the jury unless there is prior agreement of counsel.

7. **Transcripts**

   a.    The court reporter is under no obligation to provide transcripts of any portion of the proceedings to counsel during the course of trial. If counsel anticipates requesting a transcript of the testimony of any witness or other proceedings during the course of

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

trial, arrangements should be made with the court reporter <u>in advance</u> so that arrangements can be made to obtain a second court reporter if necessary.

b.    If counsel requests any court reporter to prepare a transcript of any portion of the proceedings, counsel MUST contemporaneously advise opposing counsel of the request and of the precise portions that will be transcribed.

### 8.  Jury Trials

a.    Motions in limine and other trial-related preliminary motions (such as Evidence Code § 402) must be submitted in writing before answering ready.  Motions in limine may be ruled on by the Court without hearing.  Such motions should be brief and should address specific subject matter. See *Amtower v. Photon Dynamics, Inc.*, (2008) 158 Cal.App.4[th] 1582.

b.    CACI instructions are to be used. Submit proposed instructions in Word format. When reasonably possible, mark up the official version rather than retyping so the changes are apparent to the Court and other counsel.  The Court may send at least 4 "clean" sets of instructions provided by counsel into the jury room.  "Clean" means just the text of the instruction, as corrected. Plaintiff has the primary, but not exclusive, responsibility to provide the "clean" sets, in binders.

c.    Counsel should consider stipulating to fewer than 12 jurors to try the case.  They should also consider stipulating to continue with the trial with fewer than 12 jurors, should one or more be unavailable.  Counsel should be prepared to identify the number of alternates that they intend to recommend.

d.    <u>Hardship Requests</u> - Requests by members of the panel to be excused on the ground of undue hardship will be considered by the court prior to beginning voir dire examination.

e.    Jury selection proceeds generally under the "6 pack" method, modified to fit the case.  Court and counsel will work out the management of voir dire in accordance with CCP § 225.5 to fit the circumstances of the case.  Counsel may submit specific juror questions for the Court to consider asking during voir dire.

f.    Voir dire examination will initially be directed to 18 or more members of the jury panel seated in the jury box. Any of these 18 or more panel members excused for cause will be replaced by additional panel members before peremptory challenges begin.  Peremptory challenges will then proceed, directed to the first 12 panel members, who will be replaced by the next six panel members in order as any of the 12 are peremptorily challenged.  The peremptory challenges will continue until the panel seated in the jury box is reduced to 11 members, at which time additional

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

panel members (normally an additional seven) will be selected and examined prior
to resuming peremptory challenges. Whenever there are successive passes from all
parties who have not exhausted their challenges, or all parties exhaust their
challenges, the jury has been selected and will be sworn. The same process will
then continue for the selection of alternate jurors.

g.     All challenges for cause will be heard out of the hearing of the jury panel.

h.     The Court will initiate voir dire examination. Before concluding questioning, the
       Court will ask counsel at the side bar whether they wish the Court to address any
       additional questions to any or all of the panel members, and will permit counsel to
       examine the panel. An appropriate time limit will be fixed by the Court.

i.     The Court preinstructs the jury once it is empaneled. CACI Instructions relating to
       the basic responsibilities of the jurors, management of evidence and the like will be
       given and, in most cases, repeated at the close of trial.

j.     Objections of any kind are to be addressed to the Court (not to other counsel) with a
       concise statement of the legal grounds. Argument on the objection without
       invitation by the Court is not permitted. Advise the Court if argument is necessary
       for the record.

k.     Make no references to charts, models, blowups or other demonstrative evidence in
       front of the jury unless: (a) it is in evidence; (b) counsel have previously stipulated
       the item is in evidence; or (c) you have leave of Court to use the reference.

## XIII.   TRIAL EXHIBITS

### 1.   Introduction

a. The electronic representations of such exhibits may be presented to the Jury/Court as
substitutes for the exhibits themselves. Counsel should keep in mind that one of the
purposed of the complex project is to enhance the orderly presentation of evidence to the
fact finder, and to maintain the record for potential post trial proceedings.

b. Exhibits may be in either electronic or physical form. Physical exhibits are not
required to be presented in a digitized format. However, at the conclusion of trial the court
may order that a photo be substituted and stored electronically in lieu of the physical
evidence.

c. Parties must exchange exhibits excluding documents for bona fide impeachment at the
Pre-Trial Meet and Confer. Each counsel must provide the Court with an EXHIBIT LIST

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

### Complex Civil Guidelines

describing each exhibit, indicating whether the exhibit is to be admitted into evidence by stipulation.

d. Counsel must submit to the Clerk original negotiable instruments for cancellation pursuant to Rule 3.1806, unless otherwise ordered by the Court.

2. **Submission of Exhibits**

a. Counsel must provide the Court with the exhibits, plus one copy. Exhibits will be marked by the Clerk, as they are identified, in chronological order. Exhibits shall not be pre-marked by counsel.

b. Enlargements and transparencies normally will not be admitted into evidence. Any large exhibit or transparency should be accompanied by an 8½ x 11 version to which the exhibit tag is attached. Models, etc. should be photographed if proposed as exhibits. Be sure to discuss evidentiary issues of this nature with opposing counsel.

c. Interrogatories and Requests for Admissions which are expected to be used at trial must be extracted and lodged with the Court, and a copy given to counsel, at the appropriate time. In jury trials, questions and answers must be read into the record, subject to proper objections. The extracts may be submitted as exhibits in a Court trial. In no case will entire sets of written discovery documents be lodged or received.

d. Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of exhibits when the trial is completed. Plaintiff will maintain joint exhibits, unless otherwise stipulated.

3. **Use of Deposition Transcripts**

a. Deposition transcripts which are expected to be used at trial must be lodged with the Court on the first day of trial. Pertinent provisions must be read into the record in jury trials, subject to proper objections. In Court trials, extracts may be submitted and marked as exhibits. In no case will an entire transcript be received.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

## CURRICULUM VITAE FOR JUDGE BRIAN C. WALSH

**Judge Brian C. Walsh**
**Superior Court of California**
**County of Santa Clara**
**191 North First Street**
**San Jose, California 95113**
**Department 1**
**408-882-2110**

**JUDICIAL CAREER:**

Appointed to the Superior Court December 15, 2000
--Elected to 6-year terms (unopposed): 2002, 2008, 2014
Complex Civil Litigation, 2017-
Presiding Judge, 2013-14
Assistant Presiding Judge, 2011-12
Civil Trials, 2003-04, 2007-09, 2011-12, 2015-16
Family Law, 2009-10
Felony Trials, 2005-07
Appellate Division, 2005
Supervisor, Misdemeanor Direct Calendars, 2002-03
Misdemeanor Direct Calendar, 2001

6th DCA, Pro Tem Justice:
  June 1-November 30, 2016
  June 1-September 30, 2015
  July 1-December 31, 2011
  May 1, 2004-January 17, 2005

California State-Federal Judicial Council, 2003-present
Language Access Plan Implementation Task Force, 2015-present
Chair, Trial Court Presiding Judges' Advisory Committee, 2013-2014
Member, Judicial Council of California, 2013-2014
Chair, Task Force on Trial Court Fiscal Accountability 2013-2014
Supreme Court Judicial Ethics Advisory Comm., 2002-2013
Financial Accountability & Efficiency Comm. ("A & E"), 2011-2013
Trial Court Budget Advisory Committee, 2013-2014
--Funding Methodology (WAFM) Subcommittee, 2012-2014

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

Judicial Branch Budget Advisory Committee, 2002-03
Chief Justice Task Force on ACA 1 (Judicial Elections), 2001
California Judges' Association, 2000-present
State Bar Attorney Civility Task force, 2006-08
State Bar Task Force on Support for Legal Services, 2006-08

2016 State Bar of California Professional Responsibility Award
2014 Outstanding Jurist Award, Santa Clara County Bar Association
2012 Trial Judge of the Year, Santa Clara County Trial Lawyers
2002 Salsman Award: Contributions to Community/Profession

**EDUCATION:**

Boalt Hall School of Law
University of California at Berkeley
J.D., 1972

University of Notre Dame
B.A., 1969

Date of Birth: November 11, 1947 (San Jose, California)

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised April 3, 2017

## Complex Civil Guidelines

**CURRICULUM VITAE JUDGE THOMAS E. KUHNLE**

**THOMAS E. KUHNLE**
Judge
**Superior Court of California**
**County of Santa Clara**
**191 North First Street**
**San Jose, California 95113**
**408-882-2150**

**The Honorable Thomas E. Kuhnle was appointed in December 2010 to serve as a Superior Court Judge in Santa Clara County. His assignments have included misdemeanors in 2011, family violence from 2012 to 2014, civil trials in 2014, and probate in 2015 and 2016. He currently serves as a complex civil litigation judge. Since his appointment, Judge Kuhnle has participated in a number of law-related activities in our community including Santa Clara County's High School Mock Trial Program (2011-present), the Domestic Violence Council's Court Systems Committee (2012-14), Stanford Law School's Trial Advocacy Workshop (2012-present), various committees of the Santa Clara County Bar Association, and the California Judges Association Probate and Mental Health Committee (2015-2016). Judge Kuhnle graduated from Stanford Law School in 1995.**

## GUIDELINES FOR MOTIONS RELATING TO CLASS CERTIFICATION

## DEPARTMENTS 1 AND 5 – COMPLEX CIVIL LITIGATION

The party moving for or against class certification must present in the moving papers <u>admissible</u> evidence, as required by applicable law, establishing that the elements for certification are, or are not, present.

All facts other than purely rebuttal matters upon which the moving party will rely in the hearing must be set out in evidence submitted with the notice of motion and moving papers.

Each party should address all elements relevant to deciding the appropriateness of class certification. The list of elements set forth below is offered by the Court as a general summary and is not intended to supplant substantive law.

1. Commonality and Predominance
   a. The class definition, including a statement of criteria that putative class members must possess to be eligible for class membership
   b. A description/definition of proposed subclasses, if any
   c. Those issues of law which are common to all class members
   d. Those issues of law which are unique to one or more class members but which must be presented at trial. In describing these unique issues of law, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   e. Whether, and if so how, common issues of law predominate
   f. Those issues of fact which are common to all class members
   g. Those issues of fact which are unique to one or more class members but which must be presented at trial. In describing these unique issues of fact, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   h. Whether, and if so how, common issues of fact predominate
   i. Conflicts, if any, between class members
2. Ascertainability
   a. The manner in which and the time when the individual class members will be identified if such identification is contemplated
3. Numerosity
   a. The approximate number of persons in the class, and if there are subclasses, the approximate number of persons in each subclass
   b. The basis for the above approximations
   c. The general geographic location[s] of the class members. If the class is not confined to the state of California, the description should include those locations outside California where class members are located
   d. Whether, and if so why, joinder is impracticable
4. Typicality
   a. Why the claims and status of each of the proposed class representative[s] are typical of those of the proposed class or of the proposed subclass

  b. Factual and/or legal differences, if any, in the representative's status as a class member and those of any other persons within the class.  If there are subclasses, a factual statement of the subclass of which the representative is a member

  c. Unique legal and/or factual issues, if any, pertaining to the representative[s] which must be litigated

  d. Conflicts, if any, between the class representative[s] and the class members

5. Adequacy

  a. The adequacy of class counsel, including the ability of class counsel to represent class members with conflicting claims or interest

  b. The adequacy of the class representative[s], including the ability of the class representative[s] to serve as fiduciaries for class members with conflicting or inconsistent claims or interests

  c. The issues of law and/or fact which must be litigated between class members

6. Substantial Benefits/Superiority

  a. Procedures alternative to a class action which might be used to adjudicate the issues involved in the action

  b. Why a class action is, or is not, procedurally superior to each alternative procedure, unless superiority is not an element of certifying that cause of action, including a discussion of the ability of the Court to manage the alternative proceedings in relation to its ability to manage the conduct of the class action

  c. Whether there are substantial benefits to the Court, the parties, and/or the public to proceeding as a class action

7. Notice

  a. Counsel requesting class certification should provide specifics regarding necessary notice to class members and the methods proposed for giving notice.

# Exhibit B

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. FIRST STREET
SAN JOSE, CA 95113-1090

E-FILED
4/5/2017 10:48:10 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV308083
Reviewed By:R. Walker

TO:   FILE COPY

RE:                    **Wahl v. Yahoo! Inc., et al.**
CASE NUMBER:           **17CV308083**

### ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY

WHEREAS, the Complaint was filed by Plaintiff **ANDREW WAHL** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **April 3, 2017** and assigned to Department **1** (Complex Civil Litigation), the **Honorable Brian C. Walsh** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:
The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department **1** (Complex Civil Litigation), the **Honorable Brian C. Walsh** presiding.
The parties are directed to the Electronic Filing and Service Standing Order and to the Guidelines for the Complex Civil Litigation Department, copies of which may be downloaded from http://www.scscourt.org/forms_and_filing/efiling.shtml.
Electronic service under this Order shall be construed by the Court and all parties to be equivalent to personal service. The two court days extension of time for electronic service under CCP § 1010.6(a)(4) does not apply. Any document for which service has not been completed by 5:00 p.m. is deemed served the following business day.
All parties are hereinafter ordered to submit to the Court's E-Filing website digital copies of all documents that were previously manually filed prior to the entry of this Order.
Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **ANDREW WAHL**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.
Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.
Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.
Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order. Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.
The Case Management Conference remains set for **August 4, 2017 at 10:00 a.m. in Department 1** and all counsel are ordered to attend in person.

1

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed fifteen calendars days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;
3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;
4. Applicability and enforceability of arbitration clauses, if any;
5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);
6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;
7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

If this is a class action lawsuit, a copy of the Court's Guidelines for Motions relating to Class Certification is attached to this Order. The Court may set a briefing schedule for Plaintiff's class certification motion at the time of the conference.

Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: _April 4, 2017_

_____
Hon. Brian C. Walsh
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

3

## <u>GUIDELINES FOR MOTIONS RELATING TO CLASS CERTIFICATION</u>

## <u>DEPARTMENTS 1 AND 5 – COMPLEX CIVIL LITIGATION</u>

The party moving for or against class certification must present in the moving papers <u>admissible</u> evidence, as required by applicable law, establishing that the elements for certification are, or are not, present.

All facts other than purely rebuttal matters upon which the moving party will rely in the hearing must be set out in evidence submitted with the notice of motion and moving papers.

Each party should address all elements relevant to deciding the appropriateness of class certification. The list of elements set forth below is offered by the Court as a general summary and is not intended to supplant substantive law.

1. Commonality and Predominance
   a. The class definition, including a statement of criteria that putative class members must possess to be eligible for class membership
   b. A description/definition of proposed subclasses, if any
   c. Those issues of law which are common to all class members
   d. Those issues of law which are unique to one or more class members but which must be presented at trial.  In describing these unique issues of law, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   e. Whether, and if so how, common issues of law predominate
   f. Those issues of fact which are common to all class members
   g. Those issues of fact which are unique to one or more class members but which must be presented at trial.  In describing these unique issues of fact, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   h. Whether, and if so how, common issues of fact predominate
   i. Conflicts, if any, between class members
2. Ascertainability
   a. The manner in which and the time when the individual class members will be identified if such identification is contemplated
3. Numerosity
   a. The approximate number of persons in the class, and if there are subclasses, the approximate number of persons in each subclass
   b. The basis for the above approximations
   c. The general geographic location[s] of the class members.  If the class is not confined to the state of California, the description should include those locations outside California where class members are located
   d. Whether, and if so why, joinder is impracticable
4. Typicality
   a. Why the claims and status of each of the proposed class representative[s] are typical of those of the proposed class or of the proposed subclass

     b.  Factual and/or legal differences, if any, in the representative's status as a class member and those of any other persons within the class.  If there are subclasses, a factual statement of the subclass of which the representative is a member

     c.  Unique legal and/or factual issues, if any, pertaining to the representative[s] which must be litigated

     d.  Conflicts, if any, between the class representative[s] and the class members

5.  Adequacy

     a.  The adequacy of class counsel, including the ability of class counsel to represent class members with conflicting claims or interest

     b.  The adequacy of the class representative[s], including the ability of the class representative[s] to serve as fiduciaries for class members with conflicting or inconsistent claims or interests

     c.  The issues of law and/or fact which must be litigated between class members

6.  Substantial Benefits/Superiority

     a.  Procedures alternative to a class action which might be used to adjudicate the issues involved in the action

     b.  Why a class action is, or is not, procedurally superior to each alternative procedure, unless superiority is not an element of certifying that cause of action, including a discussion of the ability of the Court to manage the alternative proceedings in relation to its ability to manage the conduct of the class action

     c.  Whether there are substantial benefits to the Court, the parties, and/or the public to proceeding as a class action

7.  Notice

     a.  Counsel requesting class certification should provide specifics regarding necessary notice to class members and the methods proposed for giving notice.

# Exhibit C

OGLOZA FORTNEY LLP
  Darius Ogloza (SBN 176983)
  *dogloza@oglozafortney.com*
  David C. Fortney (SBN 226767)
  *dfortney@oglozafortney.com*
535 Pacific Avenue, Suite 201
San Francisco, California 94133
Telephone: (415) 912-1850
Facsimile: (415) 887-5349

Attorneys for Plaintiff
ANDREW WAHL, on behalf of himself and all
others similarly situated

E-FILED
5/2/2017 11:22:23 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV308083
Reviewed By:R. Walker

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

## UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| ANDREW WAHL, an individual, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>YAHOO! INC., a Delaware corporation dba RIVALS.COM; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 17CV308083<br><br>[PROPOSED] ORDER GRANTING APPLICATION FOR ADMISSION OF ATTORNEY *PRO HAC VICE*<br><br>Complaint Filed: March 31, 2017<br><br>Initial CMC: August 4, 2017<br>The Hon. Brian C. Walsh<br>Department: 1 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

The Court, having reviewed and considered the Application for Admission *Pro Hac Vice* of Joseph A. Kronawitter in the above captioned matter, finds that Mr. Kronawitter has complied with the requirements of Rule 9.40 of the California Rules of Court.  The Application for Admission *Pro Hac Vice* is hereby GRANTED.

Dated: _____, 2017          _____

The Honorable Brian C. Walsh