# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ANDREW WAHL,<br><br>      Plaintiff,<br><br>v.<br><br>YAHOO ! INC.,<br><br>      Defendant. | Case No. 17-cv-02745-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

Defendant Yahoo! Inc. d/b/a Rivals.com ("Yahoo") moves to dismiss the Complaint brought by Plaintiff Andrew Wahl ("Wahl") under Federal Rule of Civil Procedure 12(b)(6). *See* Motion to Dismiss, ECF 10 ("Mot."). Wahl opposes the motion. ECF 16 ("Opp'n"). The Court has considered the parties' briefing and oral argument presented at the hearing on the motion held on September 14, 2017. For the reasons stated below and on the record at the hearing, Yahoo's motion to dismiss is GRANTED with LEAVE TO AMEND.

Wahl, a resident of Missouri, brings this putative class action against Yahoo for engaging in a pattern of unfair and unlawful business practices through its allegedly deceptive sales of monthly and annual subscriptions to its Rivals website. ECF 1-1, Ex. A ("Compl."). Wahl alleges that he signed up for a one-year subscription to Yahoo's "rivals.com" website, but was not informed of how to cancel the subscription. Compl. ¶¶ 20, 46. Wahl alleges that he was automatically charged for a second and third year of the subscription, even though during the second year he decided he "no longer wanted to continue his subscription." *Id*. ¶¶ 22-24. After his subscription renewed for the third year, Wahl noticed the charge on his credit card statement and visited the website to "attempt to cancel" his subscription and obtain a refund, at which point he learned that subscription/membership fees for rivals.com were non-refundable. *Id*. ¶ 25.

The complaint contains a single cause of action for violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 *et seq*. Compl. ¶¶ 36-38. In order to state a claim for relief under that provision, Wahl must allege facts showing that Yahoo engaged in an "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the foregoing prongs." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir.2012). Wahl argues that the Complaint states a cause of action under the "unlawful" and "unfair" prongs of the UCL.

Wahl argues that Yahoo's UCL liability under the "unlawful" prong arises from its alleged violation of two predicate statutes: (1) California's Automatic Renewal Law (Cal. Bus. & Prof. Code §§ 17600–17606), and (2) a liquidated damages statute (Cal. Civ. Code § 1671). *See* Compl. ¶¶ 39-54. For the reasons stated below and on the record at the September 14, 2017 hearing, Wahl has failed to allege facts to state a plausible claim for a violation of either predicate statute. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

First, Wahl has not pled facts to establish a violation of California's Automatic Renewal Law. That law proscribes certain unlawful conduct by "any business making an automatic renewal or continuous service offer *to a consumer in this state*[.]" Cal. Bus. & Prof. Code § 17602(a) (emphasis added). The Court accepts as true from the face of the Complaint that Wahl is a resident of Missouri. Compl. ¶ 5. Therefore, Wahl is not "a consumer in this state" as required to have standing under section 17602(a), which protects only California consumers. The plain language of the statute ends the Court's inquiry on this issue. *Accord Noll v. eBay Inc.*, No. 5:11-CV-04585-EJD, 2013 WL 2384250, at *6 (N.D. Cal. May 30, 2013)("The Legislature employed specific language in Section 17602 limiting recovery under Section 17600 *et seq.* to California consumers. The court will not contravene the Legislature's clear intention."); *see also Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1098 (C.D. Cal. 2015).

As for Wahl's second basis for a violation of the UCL, Wahl has failed adequately to plead

a violation of Cal. Civ. Code § 1671, which governs liquidated damages provisions in contracts. The parties agree that in order for a contractual provision to constitute liquidated damages, the provision must: "(1) arise from a breach, and (2) provide a fixed and certain sum." *Free Range Content, Inc. v. Google Inc.*, No. 14-CV-02329-BLF, 2016 WL 2902332, at *10 (N.D. Cal. May 13, 2016) (citing *Ruwe v. Cellco P'ship*, 613 F. Supp. 2d 1191, 1196 (N.D. Cal. 2009)). *See* Mot. 12; Opp'n 11. Counsel for Wahl conceded at the hearing that the Complaint does not allege a breach of the underlying agreement by either party in this case. Rather, Wahl attempts to argue that "[r]egardless of whether Wahl himself breached the contract by terminating the contract prior to its end date, it goes without saying that any consumer who does so can be accused of a breach under the terms and conditions imposed on all customers by Yahoo." Opp'n 12. This argument is not persuasive on a motion to dismiss, where the Court is limited to the four corners of the Complaint and need not concern itself with what hypothetical other Yahoo customers might do. Wahl admits that he made a "personal choice" not to breach the agreement because "to terminate would have been futile" given Yahoo's no-refund policy. Opp'n 12. Therefore, as pled, the Complaint does not allege any liquidated damages arising from a breach of the contract and Wahl does not plausibly allege liability under the UCL for a violation of § 1671.

Because Wahl fails adequately to allege an unlawful act upon which to base a derivative UCL claim, he has not stated a claim under the "unlawful" prong of the UCL. *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) (holding that "[a] defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law"). Thus, Wahl's only remaining basis for liability is under the UCL's "unfair" prong.

In consumer cases such as this one, "the UCL does not define the term 'unfair' as used in Business and Professions Code section 17200." *Durell v. Sharp Healthcare,* 183 Cal.App. 4th 1350, 1364 (2010). The California Supreme Court has not established a definitive test to determine whether a business practice is unfair either. *Phipps v. Wells Fargo Bank, N.A.,* No. CVF 10–2025 LJO SKO, 2011 WL 302803, at * 16 (E.D. Cal. Jan. 27, 2011). Rather, three lines of authority have developed among the California Courts of Appeal. In the first line, the test requires "that the public policy which is a predicate to a consumer unfair competition action under the

3

unfair prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions." *Drum v. San Fernando Valley Bar Ass'n* 182 Cal.App. 4th 247, 257 (2010) (internal quotation marks and citation omitted). A second line of cases applies a test to determine whether the identified business practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Id.* (internal quotation marks and citation omitted). The third test draws on the definition of "unfair" from antitrust law and requires that "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." *Id.* (internal quotation marks and citation omitted).

Wahl argues that "[u]nder any of these tests, Yahoo's deception of customers, punitive no refund policy and violation of multiple statutes, all of which are clearly pled, qualifies as unfair." Opp'n 13. As discussed above and stated on the record at the hearing, violations of the predicate statutes on which Wahl relies are not clearly pled in the Complaint. Moreover, Wahl does not point to a single specific factual allegation in the Complaint to support liability under the "unfair" prong. Given that Wahl has failed plausibly to allege a statutory violation, and Wahl's remaining factual basis for his claim under the "unfair" prong of the UCL is unclear, the Court cannot find that the Complaint states a plausible claim for a violation of the UCL under any of the above tests. Therefore, the Complaint fails to state a claim for violation of the UCL under both the "unfair" and "unlawful" prongs.[1]

However, the Court grants Wahl leave to amend the factual support for his claim under the "unfair" prong along with facts related to alleged statutory violations under the "unlawful" prong. Under Rule 15(a), a court should grant leave to amend "when justice so requires," because "the purpose of Rule 15...[is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). A court may deny

---

[1] Because the Court finds that as alleged, the Complaint fails to state a claim for a violation of the UCL, the Court does not address whether Wahl has standing to bring a UCL claim.

4

leave to amend for several reasons, including "undue delay, bad faith,...[and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). In light of this liberal standard, and for the reasons stated on the record at the hearing on September 14, 2017, the Court allows Wahl leave to amend.

For the foregoing reasons, Yahoo's motion to dismiss the Complaint is GRANTED WITH LEAVE TO AMEND. Leave to amend is limited to the claims in the original complaint. Plaintiff may not add additional claims or parties without express leave of Court or a stipulation between the parties.

Any amended pleading addressing the deficiencies identified in this Order or stated on the record at the hearing shall be filed **on or before October 16, 2017.**

**IT IS SO ORDERED.**

Dated: September 15, 2017

_____
BETH LABSON FREEMAN
United States District Judge