HORN AYLWARD & BANDY, LLC
   Joseph A. Kronawitter
   *jkronawitter@hab-law.com*
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
*Admitted Pro Hac Vice*

OGLOZA FORTNEY LLP
   Darius Ogloza (SBN 176983)
   *dogloza@oglozafortney.com*
   David C. Fortney (SBN 226767)
   *dfortney@oglozafortney.com*
   Micah Nash (SBN 246319)
   *mnash@oglozafortney.com*
   Josephine Lee (SBN 309394)
   *jlee@oglozafortney.com*
535 Pacific Avenue, Suite 201
San Francisco, California 94133
Telephone:  (415) 912-1850
Facsimile:  (415) 887-5349

Attorneys for Plaintiff
YUAN GUO, on behalf of himself and all others
similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ANDY WAHL, an individual, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>YAHOO! INC., a Delaware corporation dba RIVALS.COM; and<br>DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 1:17-cv-2745-BLF<br><br>**AMENDED COMPLAINT FOR:**<br>1) **UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.**<br><br>**Demand for Jury Trial** |

Plaintiff Yuan Guo,[1] on behalf of himself and all others similarly situated, alleges the following against Defendant Yahoo! Inc. dba Rivals.com:

## INTRODUCTION

1. Plaintiff brings this class action on behalf of himself and a class of others similarly situated consisting of all persons who, within the applicable statute of limitations period, purchased subscriptions from Defendant Yahoo! Inc. dba Rivals.com ("Yahoo" or "Rivals" or "Defendant") and whose credit cards, debit cards, or bank accounts were charged on a recurring basis by Defendant, as part of an automatic renewal plan or continuous service offer. The class of others similarly situated to Plaintiff is referred to herein as "Class Members." The claims for damages, restitution, injunctive and/or other equitable relief, and reasonable attorneys' fees and costs arise under California Business and Professions Code (hereinafter "Cal. B&P Code") §§ 17602, 17603, and 17604) and 17200, *et seq.*, and California Code of Civil Procedure § 1021.5.

2. Rivals engages in unlawful and unfair business practices through its sale of monthly and annual subscriptions to its website. Rivals disregards its legal obligations under California's Automatic Renewal Law and exploits consumers by failing to present its automatic renewal and continuous service offer terms in a clear and conspicuous manner before the subscription is fulfilled and in visual proximity to the request for consent to the offer. Rivals wrongfully renews subscriptions and charges consumers' credit cards without first obtaining consumers' affirmative consent to such terms and fails to clearly indicate its cancellation policy and provide information regarding how to cancel a subscription.

3. Rivals has taken and continues to take advantage of consumers by including an invalid liquidated damages provision in its subscription agreement declaring all subscription/membership fees non-refundable. Regardless of when a user terminates his or her subscription, Rivals refuses to provide refunds in any amount. Rivals intimidates consumers to

---

[1] Defendant Yahoo! Inc. does not object to Plaintiff Guo joining this lawsuit for purposes of representing the proposed settlement class.

1

1  prevent them from even asking for refunds by including subscription terms stating that should a
2  subscriber request a refund which is then denied for a valid reason under Rivals' Terms of
3  Service and subsequently choose to file a claim against Rivals, Rivals is entitled to collect all
4  costs associated with defending such a claim.

5      4.    As a result of the above, Plaintiff, on behalf of himself and Class Members, seeks
6  damages, restitution, declaratory relief, injunctive relief, and reasonable attorneys' fees and costs
7  pursuant to Cal. B&P Code §§ 17203, 17204, and 17603 and Code of Civil Procedure § 1021.5.

## THE PARTIES

9      5.    Plaintiff Yuan Guo is a resident of Foster City, CA.  Plaintiff and Class Members
10 are consumers as defined in Cal. B&P Code § 17601(d).

11     6.    On information and belief, Defendant Yahoo is a corporation organized under the
12 laws of the State of Delaware with its principal place of business in Sunnyvale, California.

13     7.    Plaintiff is unaware of the true names and capacities of defendants DOES 1
14 through 10 and thereby sues such defendants by fictitious names.  Plaintiff is informed and
15 believes that each of the defendants, including each fictitiously named defendant, is liable in
16 some manner for the events alleged in this complaint.  Plaintiff will amend this complaint to
17 allege the true names and capacities of these defendants when ascertained.

18     8.    Plaintiff is informed and believes, and thereon alleges, that each of the
19 defendants, including each fictitiously named defendant, is now and has been at all times herein
20 mentioned the agent, servant, employee, partner, associate, joint venture, co-participant and/or
21 principal of each of the remaining defendants, and that each defendant has been, at all times
22 mentioned herein, acting within the scope of such relationship and with the full knowledge,
23 consent, authority, ratification and/or permission of each of the remaining defendants.

## JURISDICTION AND VENUE

25     9.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 because federal courts
26 have original jurisdiction over class actions, such as this one, where the amount in controversy
27 exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the
28

putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, Yahoo transacts a substantial amount of business in this District, or Yahoo otherwise has sufficient contacts with this District to justify it being fairly brought into this District.

## GENERAL ALLEGATIONS

### A.  Defendant's Business and Recurring Subscriptions

11. Rivals is a network of websites that focuses on college football and basketball recruiting in the United States. Rivals currently employs more than 300 individuals and claims to be the "most respected name in team-specific college sports coverage and the country's No. 1 authority on college football and basketball recruiting." Rivals was acquired by Yahoo in 2007.

12. Although general access to Rivals' websites is free, Rivals also sells monthly and annual subscriptions that provide access to "premium" content and message boards. Purchasers of these subscriptions gain access to member-only message boards, exclusive highlights and recruiting interviews, and breaking recruiting news. Rivals has purportedly sold over 2.4 million subscriptions.

13. To purchase a subscription, the user is required to create an account by providing an email address and designating a username and password. The user then selects either an annual subscription for $99.95 per year or a monthly subscription for $9.95 per month. The user next selects a team for "exclusive message board posting."

14. To complete the subscription purchase, the user must provide billing information: credit card number, expiration date, security code, and postal code.

15. Below the billing information, there are links to Yahoo Terms of Service, Additional Rivals Terms of Service, and Yahoo's Privacy Policy.

16. To complete the subscription order, the user clicks a button "Finish Strong."

17. For every subscription through this page, the user's payment method is charged at the initial time of purchase and then again every month thereafter if the user selects a one month membership, or every year thereafter if the user selects a one year membership.

18. There is no notice of the fact that the purchaser is agreeing to make recurring payments to Rivals anywhere on the sign up and payment page.

19. In addition, there is no notice anywhere on the sign up and payment page of the fact that once an automatic renewal is processed, the consumer is not entitled to a refund of any portion of his or her subscription fee.

**B.     Representative Plaintiff's Transaction**

20. On or about July 15, 2007, Plaintiff Yuan Guo visited Defendant's website, https://n.rivals.com. Plaintiff signed up for a one-year subscription and selected "California" as his favorite team (domain name: cal.rivals.com). This provided him with access to California specific news and message boards. Plaintiff then entered his billing information, selected "iwhatst4me" as his account name, and completed the registration process.

21. Defendant's website processed the transaction and charged Plaintiff's credit card. A charge for $99.95 appeared on Plaintiff's credit card statement, and Plaintiff gained access to Rivals' members-only message boards and content following his completion of the registration process.

22. Subsequently, Defendant continued to charge Plaintiff's credit card on a recurring basis for an annual subscription.

23. At no time was Plaintiff aware that Rivals had a nonrefundable cancellation policy.

**C.     Defendant's Failure to Adhere to California's Automatic Renewal Law**

24. On December 1, 2010, California's Automatic Renewal Law, Cal. B&P Code §§ 17600-17606 came into effect. The legislature's intent for these statutes was to end the practice of ongoing charging of consumer credit or debit cards or third-party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of

AMENDED CLASS ACTION COMPLAINT

service.

25. Subscriptions on Rivals' website automatically renew on a recurring basis either monthly or annually depending on the user's chosen frequency and continue until the user cancels his or her subscription. Hence, after Plaintiff and Class Members purchased subscriptions, Rivals charged, and has continued to charge Plaintiff's and Class Members' original payment method on a monthly or annual basis.

26. In offering its recurring membership subscriptions to Class Members, Defendant has made automatic renewal or continuous service offers to consumers. Defendant's subscriptions are consequently subject to the requirements of California's Automatic Renewal Law, codified as Cal. B&P Code §§ 17600-17606.

27. Defendant has failed, and continues to fail, to: (a) present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription is fulfilled and in visual proximity to the request for consent to the offer; (b) charge the consumers' payment method after first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous offer terms; and (c) provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer, in violation of Cal. B&P Code § 17602(a).

**D. Defendant's Nonrefundable Payment Terms in Violation of California's Liquidated Damages Law, Cal. Civ. Code § 1671**

28. Pursuant to Rivals.com Additional Terms of Service, all subscription/membership fees are non-refundable. Regardless of the date of termination, there is no refund for any unused portion of the current subscription.

29. Rivals.com Additional Terms of Service states that "[s]hould Subscriber request a refund which is denied for a valid reason under these Terms of Service, and should Subscriber subsequently file a claim against Rivals, Rivals shall be entitled to collect from Subscriber all costs (including attorneys fees) associated with defending such a claim."

30. The early termination fee terms in the Rivals.com Additional Terms of Service

5

1 are unreasonable in that they bear no reasonable relationship to the range of actual damages that
2 the parties could have anticipated would flow from a breach.  Under Rivals' liquidated damages
3 provision, a subscriber seeking to terminate his or her subscription the day after being charged
4 for a subsequent month or year would be charged the full term's fee and have no recourse for a
5 refund in any amount.  It is unreasonable to claim that the actual cost of closing down one user's
6 access to certain areas of a website is equal to the entire month-long or yearlong subscription
7 price.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of himself and all others similarly situated (the "Class").

32. The proposed Class that Plaintiff seeks to represent consists of:

California customers who were charged on a recurring basis by Rivals.com for a subscription entered into between March 31, 2013 and the present.

33. The action is appropriately suited for a Class Action for the following reasons:

　　a. Common questions of law and fact exist as to all members of the Class.  These common questions predominate over questions affecting only individual Class Members.  The common questions, which may be determined without reference to the individual circumstances of any class member and are subject to common proof, include, but are not limited to, the following:

　　　　i. Whether Defendant presents the automatic renewal offer terms or continuous service terms in a "clear and conspicuous manner" before the subscription or purchasing agreement is fulfilled;

　　　　ii. Whether Defendant presents the automatic renewal offer terms or continuous service terms "in visual proximity" to the request for consent to the offer;

　　　　iii. Whether Defendant charged Plaintiff's and Class Members' credit cards for an automatic renewal or continuous service without first obtaining their affirmative consent to the agreement containing the

          automatic renewal offer terms or continuous service offer terms;

    iv. Whether Defendant failed and continues to fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer;

    v. Whether Plaintiff and Class Members are entitled to restitution of money paid for subscriptions in circumstances where the services provided by Defendant are deemed an unconditional gift;

    vi. Whether Plaintiff and Class Members are entitled to injunctive relief;

    vii. Whether Plaintiff and Class Members are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5;

    viii. Whether Defendant's no-refund policy constitutes an invalid liquidated damages provision; and

    ix. Whether Defendant's business practices violate California's Unfair Competition Law, Cal. B&P Code § 17200, *et seq.*

b. Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and all Class Members have sustained damages arising out of Defendant's common course of wrongful conduct as described herein.

c. Although the exact size of the Class is unknown and unavailable to Plaintiff at this time, it is clear that the class is so numerous that the individual joinder of all its members is impracticable. Plaintiff is informed and believes and thereon alleges that the Class includes thousands of members. Plaintiff alleges that the numbers may be ascertained through appropriate discovery, including examination of Defendant's business records.

d. Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class

actions.  Plaintiff has no interests antagonistic to those of the Class and has no conflicts of interest with other putative Class Members.

e.  Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable.  The damages suffered by individual Class Members will likely be relatively small, particularly given the burdensome and expensive nature of individual prosecution of complex litigation compelled by Defendant's conduct.  Conducting this litigation as a class action will conserve the resources of both parties and the court system, result in fewer management difficulties, and protect the rights of each Class Member.

**FIRST CAUSE OF ACTION**

**Violations of California's Unfair Competition Law**

**(Cal. B&P Code § 17200, *et seq.*)**

35.  Plaintiff realleges and incorporates by reference the foregoing allegations as if fully stated herein.

36.  Cal. B&P Code § 17200, *et seq.* ("UCL") makes actionable all unfair, unlawful, and fraudulent business practices.  Cal. B&P Code § 17204 allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.

37.  By and through its conduct alleged in this Complaint, Defendant has engaged in business practices that constitute unlawful and unfair business practices prohibited under Section 17200 and common law.

**A.  California Automatic Renewal Law Violations**

38.  Defendant failed and continues to fail to comply with the requirements of California's Automatic Renewal Law, Cal. B&P Code §§ 17602(a)(1) – (3) and 17602(b).

39.  Through its sale of subscriptions on Rivals' website, Defendant has engaged in the practice of making automatic renewal offers and continuous service offers, as those terms are

AMENDED CLASS ACTION COMPLAINT

OGLOZA FORTNEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

defined by Cal. B&P Code § 17600, *et seq.*, to California consumers and the general public.

40. Plaintiff Guo is a California consumer, as defined by Cal. B&P Code § 17600, *et seq*.

41. Defendant's website fails to clearly and conspicuously state that the monthly or annual Rivals subscription will continue until the consumer cancels, in violation of Cal. B&P Code § 17602(a)(1). Defendant's renewal policy is not in visual proximity to the request for consent to the offer: Defendant's renewal policy is not described anywhere on the page where users register for a subscription and "Finish Strong" to complete registration.

42. Once on the separate webpage entitled "Terms of Service," Rivals' renewal policy is likewise not stated in a clear and conspicuous manner. The policy is buried in a lengthy document. It is not stated in a manner that clearly calls attention to the language: it is not in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks.

43. Defendant failed to obtain the user's affirmative consent to the subscription agreement containing the automatic renewal offer terms or continuous service offer terms, in violation of Cal. B&P Code § 17602(a)(2). On the registration page, the statement "I have read and consent to the Yahoo! Terms of Service, Additional Rivals.com Terms of Service, and Yahoo! Privacy Policy" is pre-checked. The registration page itself does not contain the automatic renewal and continuous service offer terms.

44. Defendant failed to provide an acknowledgment that includes its automatic renewal or continuous service offer terms, in violation of Cal. B&P Code § 17602(a)(3). The registration page where the consumer consents to purchasing a Rivals subscription does not include information clarifying that the subscription will be automatically renewed.

45. Defendant failed to provide an acknowledgment that includes its cancellation policy. Although Defendant's cancellation policy is stated in Additional Rivals.com Terms of Service, to access the Additional Rivals.com Terms of Service, the registrant must access another webpage by clicking "Additional Rivals.com Terms of Service" in the pre-checked sentence "I

9

OGLOZA FORTNEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

AMENDED CLASS ACTION COMPLAINT

have read and consent to the Yahoo! Terms of Service, Additional Rivals.com Terms of Service, and Yahoo! Privacy Policy," and the policy is buried in a lengthy document. The cancellation policy is not displayed on the registration page in a manner that is capable of being retained by the consumer.

46.   Defendant failed to provide an acknowledgment that includes information regarding how to cancel subscriptions, in violation of Cal. B&P Code § 17602(b). Neither the registration page nor the Additional Rivals.com Terms of Service include information regarding how to cancel subscriptions. Neither webpage includes a toll-free telephone number, electronic mail address, or any other cost-effective, timely, and easy-to-use mechanism for cancellation pursuant to Cal. B&P Code § 17602(b).

47.   Defendant charged, and continues to charge, Plaintiffs and Class Members for automatic renewal and continuous service of their Rivals subscriptions.

48.   As a result of Defendant's violations of Cal. B&P Code § 17602, Defendant is subject to all applicable civil remedies under Cal. B&P Code § 17604.

**B.   Invalid Liquidated Damages Provision and Unfair Contract Terms Pertaining to Any Refund Request**

49.   Pursuant to Rivals.com Additional Terms of Service, all subscription/membership fees are non-refundable. Regardless of the date of termination, there is no refund for any unused portion of the current subscription. Refusing to refund any of the subscription fee, regardless of how early during the subscription period the user terminates his or her subscription, is unreasonable. The contract does not represent an honest and genuine effort to estimate probable damages of early termination. A full-term subscription fee is a disproportionate estimate of any damage reasonably to be anticipated at the time the agreement was entered into.

50.   Rivals' early termination fee is an invalid liquidated damages provision. The terms in the Rivals.com Additional Terms of Service bear no reasonable relationship to the range of actual damages that the parties could have anticipated would flow from a breach.

51.   Rivals.com Additional Terms of Service further states that "[s]hould Subscriber request a refund which is denied for a valid reason under these Terms of Service, and should

Subscriber subsequently file a claim against Rivals, Rivals shall be entitled to collect from Subscriber all costs (including attorneys fees) associated with defending such a claim." This prohibitive clause serves to intimidate consumers and prevent them from requesting refunds.

52. As a direct, proximate, and foreseeable result of Defendant's wrongful conduct, as alleged above, Plaintiff and Class Members suffered injury and are entitled to relief.

53. Plaintiff and Class Members are entitled to restitution pursuant to Cal. B&P Code § 17203 for all monies paid under the subscription agreements from four years prior to the filing of this complaint to the date of such restitution at rates specified by law. Defendant should be required to disgorge all profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

54. On information and belief, Defendant will continue to engage in the wrongful conduct described above unless permanently enjoined from doing so.

55. Plaintiff, on behalf of himself and similarly situated Class Members, requests relief as described below.

**PRAYER**

WHEREFORE, Plaintiff and Class Members pray for relief as follows:

1. That this action be certified as a Class Action, Plaintiff be appointed as representative of the Class, and Plaintiff's attorneys be appointed Class Counsel;

2. That the Court find and declare that Defendant has violated Cal. B&P Code § 17602(a)(1) by failing to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription is fulfilled and in visual proximity to the request for consent to the offer;

3. That the Court find and declare that Defendant has violated Cal. B&P Code § 17602(a)(2) by charging Plaintiff's and Class Members' credit cards without first obtaining their affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms;

4. That the Court find and declare that Defendant has violated Cal. B&P Code §

17602(a)(3) by failing to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by Plaintiff and Class Members;

5. That the Court find and declare that Defendant has violated the UCL and committed unfair and unlawful business practices by violating Cal. B&P Code § 17602;

6. That the Court award to Plaintiff and Class Members full restitution in the amount of the subscription payments made by them, in an amount to be proven at trial;

7. That Defendant be ordered to pay restitution to Plaintiff and Class Members due to Defendant's UCL violations, pursuant to Cal. B&P Code §§ 17202-17205;

8. That the Court find that Plaintiffs and Class Members are entitled to injunctive relief, pursuant to Cal. B&P Code § 17535;

9. That Plaintiff and Class Members be awarded reasonable attorneys' fees and costs associated with this action as permitted by statute; and

10. For such other and further relief as the Court may deem proper.

Dated:  March 17, 2018                              OGLOZA FORTNEY LLP


                                                    By   /s/ Darius Ogloza
                                                         DARIUS OGLOZA
                                                         Attorneys for Plaintiff Yuan Guo

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2017 a copy of the foregoing **AMENDED CLASS ACTION COMPLAINT** was filed electronically and served by mail on anyone listed on the Court's docket as unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

/s/ *Joseph A. Kronawitter*
*Joseph A. Kronawitter*